## Citizens' National Bank of Waynesburg, Appellant, *v.* Gass.

*Insolvency—State bankruptcy act—Debtor's exemption—Act of June 4, 1901, P. L. 404.*

Under the Act of June 4, 1901, P. L. 404, insolvent debtors are entitled to the benefit of the exemption act, and this benefit they cannot waive. There is nothing in the thirty-third section of the act relating to creditors who do not choose to participate in the distribution of the assigned estate, which will permit such creditors to levy upon exempted property, if it appears that the waiver under which they claim is executed subsequently to the Act of June 4, 1901, P. L. 404.

*Bankrupt law—Insolvency—Farmers.*

Wage earners and persons engaged chiefly in farming or the tillage of the soil, cannot be subjected to the provisions of the federal bankrupt act of July 1, 1898, without their consent, and as to such persons the Pennsylvania Act of June 4, 1901, P. L. 404, is in force.

Argued April 17, 1905.   Appeal, No. 128, April T., 1905, by plaintiff, from order of C. P. Greene Co., May T., 1904, No. 105, making absolute rule to set aside execution in case of The Citizens' National Bank of Waynesburg to use of Charles E. Lantz v. Robert T. Gass and Charles E. Lantz, surviving Benson Fordyce, deceased.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Rule to set aside execution.

The opinion of the Superior Court states the case.

*Error assigned* was the order making absolute rule to set aside execution.

*Joseph Patton*, with him *A. H. Sayers*, for appellant.—In the case at bar the use plaintiff did not choose to exhibit his claim to the assignee, and under said section 33, his claim being a good and valid one and the judgment waiving all laws of exemption, he had the right to have execution issued and the goods set apart to the assignor levied upon and sold by the sheriff: Myers's App., 78 Pa. 452; Dewees's App., 2 Pennypacker, 247.

In the case of Potts v. Smith Manufacturing Company, 25 Pa. Superior Ct. 206, it was held that the act of June 4, 1901, is suspended by reason of the existence of the federal bankruptcy act of July 1, 1898, and does not become operative as to persons and subjects to which the federal act applies.

*James J. Purman*, with him *Challen W. Waychoff*, for appellee.—The intention of all exemption laws is to protect unfortunate debtors against undue pressure by creditors.   And the debtor is to be secured in the possession of a certain portion of his property, upon surrender of the remainder, to go in satisfaction of his liabilities.   It is true that under prior legisla-

tion it has been held that a debtor may waive the exemption, but the Supreme Court has regretted that it had not held that the debtor could not deprive himself of the exemption from execution: O'Neil v. Craig, 56 Pa. 161; Firmstone v. Mack, 49 Pa. 387.

The 31st section of the act of June 4, 1901, is a progressive step. It is drawn in the light of the decisions under prior exemption laws, and overrules the waiver contained in " any contract or judgment."

OPINION BY HENDERSON, J., October 9, 1905 :

The thirty-first section of the Act of June 4, 1901, P. L. 404, provides that " an insolvent shall be entitled to the same exemption out of the assigned estate as he would be had an execution been issued against him ; and his right thereto shall not be denied for or by reason of the character of any claim presented or by reason of any waiver in any contract or judgment or by reason of failure to reserve it in the deed of assignment." Under this section Robert T. Gass, the assignor for the benefit of creditors, claimed exemption out of the assigned estate, and the property claimed was regularly set apart to him. The plaintiff now claims the right to sell the exempted property on an execution issued out of a judgment entered on a judgment promissory note given by the assignor after the passage of the act of 1901 because the note referred to contained a waiver of the right of exemption. That this claim under the act of 1849 might be waived has been held in many cases, but we are met with a new provision in the act of 1901 which declares that the right of exemption shall not be denied to the debtor by reason of the character of the claim presented, nor by reason of any waiver in any contract or judgment. This is a plain direction of the statute which we are not at liberty to ignore or set aside. It was the intention of the legislature to place the exempted property beyond the reach of creditors and to accomplish by statute as to insolvent debtors that which the Supreme Court intimated, in Firmstone v. Mack, 49 Pa. 387, should have been done by that court. Emphasis is placed by the appellant on the thirty-third section of the act of 1901, which provides that nothing in the act shall have the effect to discharge an insolvent from liability to such of his

creditors as do not choose to present their claims for participation in the distribution of the assigned estate. A distinction is to be observed, however, between a discharge from liability of the debtor and a right to exemption as to creditors. The debtor's right to the exemption arises at the time of the assignment and may be asserted by him. The creditor may proceed according to the provisions of the statute, or may refrain from presenting his claim and thus preserve it as a subsisting obligation, but in either case the exempted property has been taken out of the reach of execution process issued on obligations existing at the time of the assignment. It would be an abortive proceeding to allow the exemption under the thirty-first section of the act if the exempted property may be seized by reason of the provisions of the thirty-third section. Results so contradictory could not have been intended by the legislature. It is a beneficent provision of the law which concedes to an insolvent debtor a remnant of his estate to enable him the more certainly to secure a subsistence, and we are not disposed to search for a means of preventing its operation.

It is supposed that the action of the court below is inconsistent with Potts v. Smith Mfg. Co., 25 Pa. Superior Ct. 206. Such is not the case, however. It appears that the assignor here was a farmer. He was therefore within the exception of the fourth section of chapter 3 of the act of congress of July 1, 1898. Wage earners and persons engaged chiefly in farming or the tillage of the soil cannot be subjected to the provisions of that act without their consent, and as to such persons the Act of June 4, 1901, P. L. 404, is in force. This statute is only suspended as to persons who can be made subject to the provisions of the federal bankrupt act.

The decree is affirmed.