## Charles *v.* Smith.

*Bankrupt law—Insolvency—Act of June* 4, 1901, *P. L.* 404—*Act of Congress of July* 1, 1898—*Farmers.*

Where an assignee for creditors petitions the court to set aside a writ of execution issued prior to the assignment on the ground that the assignor is a farmer, and therefore not within the provisions of the federal bankrupt act, the court commits no error in refusing the application, where the answer denies the fact that the assignor is a farmer, and the answer is not met by countervailing proof.

Argued Nov. 22, 1905. Appeal, No. 174, Oct. T., 1905, by J. R. Watkins, Assignee of Eneas F. Smith, from order of C. P. Chester Co., April T., 1905, No. 23, discharging rule to set aside execution in case of Aaron Charles v. Eneas F. Smith. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to set aside writ of fieri facias. Before HEMPHILL, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*W. S. Harris,* for appellant.

*S. D. Ramsey,* for appellee.

PER CURIAM, December 10, 1905 :

This is an appeal by the defendant's assignee for the benefit of creditors from an order discharging a rule, granted upon the assignee's application, to show cause why a fi. fa. issued the day before the assignment, and levied upon the defendant's real estate, should not be set aside, in accordance with the provisions of the 16th section of the act of June 4, 1901, relating to insolvency. The judgment upon which execution was issued was for a debt of $1,100, being the purchase money of certain real estate, and was entered more than a year prior to the date of assignment upon a bond and warrant to confess judgment. It is contended by the plaintiff's counsel: first,

that the case of an execution levied upon real estate only is controlled, not by the 16th section of the act of 1901, but by the 19th section, wherein the power to stay such execution is made discretionary; second, that as to the persons and subjects to which the federal act applies, the act of 1901 is in abeyance and not operative while the federal bankrupt act of July 1, 1898 is in force. It was upon the latter ground that the learnéd judge of the court below based his decision. As we view the case a consideration of the other question will be unnecessary.

The assignee claims that the application of our ruling in Potts v. Smith Manufacturing Company, 25 Pa. Superior Ct. 206 to the present case was erroneous, because the clause of the bankrupt act, which declares who shall be subject to the provisions and entitled to the benefits of the act, expressly excepts persons " engaged chiefly in farming or the tillage of the soil." See Musser v. Brindle, 23 Pa. Superior Ct. 37, and Citizens' National Bank of Waynesburg v. Gass, 29 Pa. Superior Ct. 125, decided by us in October last, in which Judge HENDERSON, speaking for the court, said: " It appears that the assignor here was a farmer. He was therefore within the exception of the 4th section of chapter 3 of the act of Congress of July 1, 1898. Wage earners and persons engaged chiefly in farming or the tillage of the soil cannot be subjected to the provisions of that act without their consent, and as to such persons the Act of June 4, 1901, P. L. 404, is in force. This statute is only suspended as to persons who can be made subject to the provisions of the federal bankrupt act." It does not necessarily follow, however, that the court erred in discharging the rule in the present case, even though the construction given by the learned judge below to the act of Congress is not in entire harmony with our later decision in the case last cited. True, the assignee alleged in his petition that the defendant, the assignor, was a farmer, but this was explicitly and unequivocally denied by the plaintiff's answer, and no testimony was taken in support of the allegation; at least none has been brought up with the record or printed. The undisputed facts of the case set forth in the petition and answer neither give rise to, nor permit, a presumption of fact that at the time of the assignment the assignor belonged to the class of persons

excepted from the provisions of the bankrupt act. As to that question the petitioner assumed the affirmative, as we think he was bound to do, and alleged in his petition the fact necessary to bring the case within the exception to the general rule established by the act of Congress, but as this allegation was denied in the answer it was incumbent on him to follow it by proof.

The order is affirmed, and appeal dismissed at the appellant's cost.