527 A.2d 109

**Franklin BORNMAN, Harrisburg Housing Authority, Appellee,**

v.

**Eloise GORDON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 18, 1987.

Filed April 30, 1987.

Reargument Denied July 10, 1987.

608

Geoffrey M. Biringer, Harrisburg, for appellant.

Melville G.M. Walwyn, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge:

This is an appeal from an order refusing to set aside a sheriff's sale of personalty which had been levied upon and sold in satisfaction of a judgment for rent. Appellant, the tenant, contends that the sale should have been set aside for the following reasons: (1) the landlord misled the tenant regarding the amount necessary to dissolve the levy; (2) the price obtained at the sale was inadequate; and (3) the tenant failed to receive notice of the levy or sale. We find no merit in these contentions and, for the reasons which follow, affirm the trial court's order denying relief.

Winston Richards was the owner of premises 1819 Zarker Street, Harrisburg. The premises were leased pursuant to the Harrisburg Housing Authority's section eight housing program, with the Authority acting as agent for the owner. Eloise Gordon was the tenant of 1819 Zarker Street. When

she failed to pay rent, the Housing Authority instituted eviction proceedings and obtained judgments for possession and for past due rent in the amount of $357.04. Gordon was evicted on December 2 and 3, 1985, and her furniture and personal property were inventoried and stored in facilities provided by the Housing Authority at the Jackson-Lick Apartments. On February 13, 1986, the Sheriff of Dauphin County levied upon Gordon's furniture and personal property pursuant to a writ of execution issued to enforce the judgment for rent. A copy of the writ of execution was sent to Gordon at 1819 Zarker Street, her last known address. The evidence showed that she had failed to notify the Housing Authority of a new address and had failed also to file a change of address with the Postal Service. Gordon testified that she did not receive a copy of the writ. On February 18 and 19, 1986, Gordon's property was moved to 1934 Zarker Street, a building owned by Winston Richards, because renovation work was about to begin at the Jackson-Lick Apartment. The sheriff's sale was scheduled for March 3, 1986, at 1934 Zarker Street, and notice thereof was again mailed to Gordon at her last known address. The trial court found that the sheriff had posted notice of the sale at 1934 Zarker Street and also at the Housing Authority's storage facility, where the levy had initially been made.

Gordon did not attend the sheriff's sale, and her property was sold to Winston Richards for $55, the amount of the sheriff's costs. Richards took possession of the goods following the sale. Two weeks later, on March 17, 1986, Gordon filed "Exceptions to Sheriff's Sale Pursuant to Pa.R.C.P. No. 3136." The trial court elected to treat her "exceptions" as a petition to set aside the sale under Pa.R. C.P. 3132, and an evidentiary hearing was held thereon. Following hearing, the petition was denied.

 The authority for setting aside a sheriff's sale is contained in Pa.R.C.P. 3132, which provides:

RULE 3132. SETTING ASIDE SALE

Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

A petition to set aside a sheriff's sale is based on equitable principles and is addressed to the sound discretion of the trial court, whose decision will not be disturbed absent a clear abuse of that discretion. *Fidelity Bank v. Pierson,* 437 Pa. 541, 542, 264 A.2d 682, 683 (1970); *Philadelphia National Bank v. New Ideas Enterprises, Inc.,* 424 Pa. 284, 285, 227 A.2d 873, 874 (1967); *Dearnley v. Survetnick,* 360 Pa. 572, 573, 63 A.2d 66, 67 (1949); *Marine Bank v. Huhta,* 279 Pa.Super. 130, 133, 420 A.2d 1066, 1067 (1980). As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence. 13 Std.Pa.Prac.2d § 76:75. See: *McKee v. Kerr,* 192 Pa. 164, 43 A. 953 (1899); *Charles v. Smith,* 29 Pa.Super. 594 (1905).[1]

■ Gordon contends that she was misled by representatives of the Housing Authority regarding the amount necessary to satisfy the judgment and reclaim her personalty. The record is clear, however, that Gordon made no effort to pay the rent owed or to satisfy the judgment which had been entered against her. Moreover, the evidence showed that the amount claimed to be due and owing by the

---

1. Gordon's exceptions, which contained a request to set aside the sheriff's sale, were filed after the personalty had been delivered to the purchaser by the sheriff. The requirement that a petition to set aside a sheriff's sale be filed before personal property is delivered to the purchaser cannot be avoided by mislabelling the petition as exceptions. For a sheriff to reassemble for resale the personalty sold at sheriff's sale after it has been delivered to the purchaser would in most cases be like trying to put Humpty-Dumpty together again. This issue, however, has not been raised by the parties and was not considered by the trial court. Therefore, we have not rested our decision on this defect in appellant's procedure.

Housing Authority was $1,336. This included, in addition to rent owed, legal costs, costs of making the inventory, and costs of removing her personalty at the time of her eviction. Although payment of this amount was not necessary to satisfy the judgment for rent, the record is clear that the Housing Authority was looking to be reimbursed for its expenses and that payment of this amount was necessary if Gordon were to satisfy her indebtedness to the landlord.[2] The fact that representatives of the Housing Authority told Gordon that she owed in excess of one thousand dollars was not a basis on which the sheriff's sale could have been set aside.

Gross inadequacy of price may be a reason for setting aside a sheriff's sale. *Capozzi v. Antonoplos,* 414 Pa. 565, 570, 201 A.2d 420, 422 (1964); *Hettler v. Shephard,* 326 Pa. 165, 167, 191 A. 581, 582 (1937). See also: *Scott v. Adal Corp.,* 276 Pa.Super. 459, 463, 419 A.2d 548, 551 (1980). Absent evidence of the actual or estimated value of the property sold, however, a determination of gross inadequacy cannot be made. See: *Continental Bank v. Frank,* 343 Pa.Super. 477, 485, 495 A.2d 565, 568–569 (1985); *J.B. Van Sciver Co. v. Smith,* 328 Pa.Super. 487, 490, 477 A.2d 550, 552 (1984).

In the instant case, Gordon failed to offer any evidence whatsoever regarding the value of the goods sold by the sheriff. Therefore, we cannot say that the trial court erred in refusing to set aside the sale for gross inadequacy of price.[3]

Finally, Gordon contends that she did not receive notice of the levy or sale. The property was levied upon while it was in storage at the Jackson-Lick Apartments. Notice was mailed to Gordon at the demised premises,

---

2. The Housing Authority has billed the owner for these costs.

3. Although an examination of the sheriff's list of goods levied upon suggests that they probably had a value in excess of fifty-five dollars, several items of property were set aside under the exemption laws, and it is not certain that the remaining goods actually sold had a value in excess of the rent owed.

which constituted her last known address. This was consistent with Pa.R.C.P. 3108(b), which requires that, upon levy, "the sheriff shall mail a copy of the writ to the execution defendant at his last known address." The rule does not require either the sheriff or the plaintiff to conduct a search to determine the whereabouts of the execution defendant; it is enough that a copy of the writ be sent to his or her last known address. Thus, in the instant case, where the trial court found that neither the plaintiff nor the sheriff knew where Gordon was living following her eviction, it was enough that a copy of the writ was sent to her last known address.

■ Notice of a sale is intended to advertise the sale and insure the presence of bidders. See: 9 Goodrich-Amram 2d § 3128(a):1. Pa.R.C.P. 3128(a) provides that

(a) Notice of sale of personal property shall be given by the sheriff at least six (6) days prior to sale by handbills posted at the sheriff's office, the place of sale and the place of levy, if different from the place of sale.

In this case, the goods were levied upon while they were in storage at the Housing Authority's facility and were sold at 1934 Zarker Street. Gordon concedes that notice of the sale was properly posted at the sheriff's office and at 1934 Zarker Street, the place of sale. The trial court found that notice of the sale had also been posted at the Jackson-Lick Apartments, where the levy had been made. On appeal, Gordon contends that the evidence does not support this finding by the trial court.

■ Our review of the record discloses that the evidentiary support for the trial court's finding is equivocal at best. Catherine Walt, the sheriff's real estate deputy, testified on one occasion that notice had been posted at the Jackson-Lick Apartments.[4] On another occasion, she testified that notice of the sale had been posted at 1934 Zarker Street and

---

4. This testimony appears as follows:
 Q Now, where were those sale bills posted?
 A Jackson-Lick Apartments.
 Q Anywhere else?
 A No.

not at the Jackson-Lick Apartments.[5] The latter testimony was consistent with the sheriff's return, which recited that the notice of sale had been posted at 1934 Zarker Street.

The notice provisions of Pa.R.C.P. 3128(a), however, are intended to "create circumstances which will lead to an 'open' sale, one which is well attended and designed to realize the highest sum possible." 9 Goodrich-Amram 2d § 3128(a):1. They are not designed to give additional notice to the judgment debtor that the levy will culminate in a sheriff's sale. The burden of showing inadequate notice resulting in prejudice is upon the person who seeks to set aside the sale. Absent evidence that the sale price was inadequate, a court will be reluctant to find prejudice sufficient to require another sale.

Here, the appellant-tenant failed to show that it was necessary to set aside the sale to avoid prejudice. That she was indebted for rent and costs in excess of four hundred ($400) dollars is clear and is not denied. Her furniture and personal property were purchased at sheriff's sale by the landlord. The evidence does not suggest, even by implication, that the personal property sold by the sheriff had a value in excess of the judgment and costs of sale. Under these circumstances, we cannot say that it was an abuse of discretion for the trial court to deny a request for a new sale after the property had been delivered to the purchaser. Gordon knew that her property was being held for nonpayment of rent and did nothing to reclaim it or preserve it. Her inactivity until after the sale had been held and the personal property had been delivered to the purchaser did not recommend that the sale be set aside and a new one held. This was peculiarly so where, as here, there was no

5. This testimony was as follows:
 Q Is there any indication in your file, Ms. Walt, that Eloise Gordon actually received notice of the sale?
 A Just that we posted the premises at 1934 Zarker Street.
 Q Jackson-Lick was not posted with the notice of sale, is that correct?
 A Right.

reason to believe that a resale would produce proceeds in excess of the judgment and costs to be satisfied thereby.

Order affirmed.