J-A05030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS W. SNYDER | |
| Appellant | No. 1389 EDA 2015 |

Appeal from the Order Entered April 17, 2015
In the Court of Common Pleas of Northampton County
Civil Division at No(s): No. C-0048-CV-2013-03280

BEFORE: OLSON, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED JUNE 07, 2016**

Thomas W. Snyder appeals from the order entered in the Court of Common Pleas of Northampton County denying his motion to set aside the sheriff's sale of his home and real property located at 2072 Easton Road, Bethlehem, Pennsylvania. In this timely appeal, Snyder claims the trial court erred in failing to give proper weight to his testimony and in failing to determine assertions from Nationstar Mortgage, LLC (Nationstar) representatives acted as estoppel, preventing him from filing for Chapter 13 bankruptcy protection. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

A motion to set aside a sheriff's sale is governed by Pa.R.C.P. No. 3132. Our standard of review is as follows:

Rule 3132 of the Pennsylvania Rules of Civil Procedure provides as follows:

Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132. Equitable considerations govern the trial court's decision to set aside a sheriff's sale. *Bornman v. Gordon*, 363 Pa. Super. 607, 527 A.2d 109, 111 (1987), *appeal denied,* 517 Pa. 620, 538 A.2d 874 (1988). This Court will not reverse the trial court's decision absent an abuse of discretion. *Id*.

As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence.

*Id*. An abuse of discretion occurs where, for example, the trial court misapplies the law. *Warmkessel v. Heffner*, 17 A.3d 408, 413, (Pa. Super. 2011), *appeal denied,* [613] Pa. [671], 34 A.3d 833 (2011).

*Bank of America, N.A. v. Estate of Hood*, 47 A.3d 1208, 1210-11 (Pa. Super. 2012).

Although Snyder presented three specific questions in his Statement of Questions Presented, *see* Appellant's Brief at 8, the Argument section of his brief does not provide corresponding headings or sections as required by

- 2 -

Pa.R.A.P. Rules 2111, 2119. Rather, Snyder has presented a generic argument claiming the order was against the weight of the evidence he presented at the evidentiary hearing on his petition. While we could find all issues waived for failure to comply with the Rules of Appellate Procedure, we will address the argument as presented. Essentially, Snyder claims he testified that representatives of Nationstar told him a sheriff's sale could be avoided if a mortgagee obtains a mortgage modification. Further, Snyder testified he obtained the proper paperwork to apply for a mortgage modification and returned the properly filled out application form. Finally, he testified a Nationstar representative told him he appeared to be qualified for a mortgage modification.

However, the trial court made the following findings:

A hearing on the Motion was held on April 1, 2015. At that hearing, [Snyder] admitted that he was aware that his property would be sold at sheriff's sale on February 6, 2015, [Snyder] admitted into evidence a letter he received from [Nationstar], dated December 24, 2014, in which [Nationstar] indicated that [Snyder] could attempt to modify his loan. [Snyder] spoke with [Nationstar's] representative on January 5, 2015, to inquire about loan modification. Although [Snyder] testified that he was under the impression that he qualified for a loan modification, he presented no credible evidence that a loan modification had been approved by [Nationstar] prior to the sheriff's sale. Although [Snyder] testified that he mailed a loan modification application to [Nationstar] on or about January 20, 2015, once again, [Snyder] presented no credible evidence that a loan modification had been approved by [Nationstar] prior to the sheriff's sale. Moreover, [Snyder] admitted that no representative of [Nationstar] ever told him that the sheriff's sale would be postponed. Finally, although [Snyder] spoke to a bankruptcy attorney prior to the sheriff's sale, he took no legal action to file

- 3 -

for bankruptcy or to have the sale postponed based upon his purported loan modification application.

Order and Statement of Reasons, 4/17/2015, at 2-3.

In addition to the trial court's findings, our review of the certified record also discloses that Snyder did not obtain any proof of mailing of the loan modification application, nor did he obtain or attempt to obtain, any written confirmation of any of the alleged assurances regarding his suitability for loan modification from any of the Nationstar representatives. ***See generally***, N.T. Hearing, Testimony of Snyder, 4/1/2015, 3-20.

Based upon the findings, the trial court reasoned as follows:

> In this case, [Snyder] has not met his burden of proving, by clear evidence, circumstances warranting the equitable setting aside of the sale. As noted above, [Snyder] has not made a mortgage payment since May 28, 2010. [Snyder] has been aware of this foreclosure proceeding since he was served with the Complaint on April 11, 2013, and has been aware that judgment was entered against him since October 27, 2014. [Snyder] admitted that he was aware of the sheriff's sale, and the record reflects that he was served with notice of the sheriff's sale on November 10, 2014. Nevertheless, according to [Snyder's] testimony, he took no action until January 5, 2015, a month before the sale. Even then, while the action he chose to take was an application for a loan modification, [Snyder] presented no credible evidence that the modification was feasible let alone had been approved by [Nationstar] prior to the sheriff's sale. Finally, [Snyder] admitted that no representative of [Nationstar] ever told him that that the sheriff's sale would be postponed, yet he took no steps, even after consulting with a bankruptcy attorney, to file for bankruptcy or to seek to have the sheriff's sale postponed. Under the circumstances, [Snyder] is not entitled to the equitable relief requested.

Order and Statement of Reasons, 4/17/2015, at 4-5.

Our review of the certified record demonstrates the findings are supported by the record. Pursuant to case law, where there is insufficient proof to support the material allegations of the application, the trial court may deny relief. **Bank of America v. Hood**, **supra**, 47 A.3d at 1211. here, we detect no errors of law or abuse of discretion in the legal conclusions drawn from the trial court's findings. Accordingly, the order denying Snyder's petition to set aside sheriff's sale is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016