J-A06039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FLAGSTAR BANK, FSB | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN D. WAMPOLE A/K/A BRIAN WAMPOLE, TAMMY WAMPOLE, THE UNITED STATES OF AMERICA C/O THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF PA. | |
| Appellants | No. 1542 MDA 2015 |

Appeal from the Order Entered August 10, 2015
In the Court of Common Pleas of Berks County
Civil Division at No: 10-11460

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:          **FILED OCTOBER 11, 2016**

Appellants, Brian D. Wampole and Tammy L. Wampole (together the "Wampoles"), appeal from the August 10, 2015 order of the Court of Common Pleas of Berks County ("trial court"), denying the Wampoles' petition to set aside a sheriff's sale.  Upon review, we affirm.

This Court quoted the following factual and procedural history of the case in the Memorandum filed on June 6, 2014:

> On June 22, 2010, plaintiff, Flagstar Bank F.S.B. [("Bank")], filed a [c]omplaint in [m]ortgage [f]oreclosure against the real property owners, Brian D. Wampole . . . and his wife, Tammy L. Wampole (Wife), and The United States of America due to a federal tax lien against [the Wampoles] in the amount of $43,606.91.
>
> According to the complaint, on June 3, 2008, the Wampoles entered into a mortgage with [Bank] in the principal amount of $305,365.00 which was payable in

equal monthly installments. [The Wampoles] have been in default of the mortgage since September 1, 2009. They filed an answer alleging that since June 2009 they had been promised that they were eligible for a loan modification, and since [s]pring 2010 [Bank] has told them they had been approved for a loan modification and to disregard notices concerning the mortgage default.

On January 18, 2011, [Bank] filed its original [m]otion for [s]ummary [j]udgment at which time the mortgage due for the September 1, 2009, payment was due for a period in excess of seventeen months. [Bank] attached a loan history to its motion detailing this fact. [The Wampoles] filed an answer to this motion alleging [Bank's] deficiencies in reviewing their request for a loan modification. This original motion for summary judgment was not presented to [the trial] court for disposition.

On April 15, 2013, [Bank] filed a [s]upplemental [m]otion for [s]ummary [j]udgment which again requested summary judgment in its favor. [Bank] submitted that in the intervening period between filing the original and supplemental motions, [Bank] reviewed the account of [the Wampoles] for a possible workout. After the review, [Bank] offered them a HAMP Trial Plan (Plan). Pursuant to this action, [Wampole] had to complete documents, include a 4506-T form and a hardship affidavit and return [] them to [Bank]. Upon completion of the documents and timely payments of the trial period amounts, the mortgage was to be permanently modified.

[The Wampoles] made all of the required payments under the Plan; however, [the Wampoles] failed to submit the 4506-T form and hardship affidavit according to [Bank]. On January 5, 2012, [Bank] sent an e-mail requesting the documents directly to [the Wampoles] and copied [the Wampoles'] counsel. On January 9, 2012, and March 2, 2012, [Bank] again sent e-mails directly to [the Wampoles] and copied [the Wampoles'] counsel to request the needed documentation. [The Wampoles] never provided the information to [Bank], so [Bank] determined that they breached the terms of the Plan and therefore were not eligible for a loan modification. [Bank] closed its loss mitigation file. At the time of the filing of the [s]upplemental [m]otion for [s]ummary [j]udgment, [the Wampoles] owed the November 1, 2009 payment. Thus, no payments were made by [the Wampoles] for approximately forty-one months.

[The Wampoles] filed an answer to the supplemental motion for summary judgment. They submit[ted] that they provided the required documentation but that [Bank] lost everything. [The Wampoles] contend[] in [their] brief that [Bank] should not be allowed to foreclose because it

waited too long to bring this action, and [the Wampoles] ha[ve] been detrimentally affected by the delay.

On June 20, 2013, [the trial] court entered judgment in favor of [Bank] and against [the Wampoles] in the amount of $449,135.99 plus interest and costs. The Wampoles, *pro se*, filed the instant appeal. [The trial] court directed [the Wampoles] to file a concise statement of errors. [The Wampoles] requested an extension of time to file this statement which [the trial] court granted.

*Flagstar Bank, FSB v. Wampole*, No. 1321 MDA 2013, unpublished memorandum, at 1-3 (Pa. Super filed June 6, 2014) (quoting Trial Court Opinion, 12/3/13, at 1-3). On appeal, the Wampoles claimed that they never in good faith defaulted on the mortgage. *Id.* at 3. This Court affirmed the trial court's grant of summary judgment. *Id.* at 6. This Court found that the Wampoles "failed to specifically deny that the mortgage was in default because [t]he[y] failed to make payments." *Id.* at 5. Furthermore, this Court found that the Wampoles failed to produce specific evidence to overcome the Bank's evidence of default as required by *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991). *Flagstar Bank, FSB*, No. 1321 MDA 2013, at 5.

Subsequently, the property was listed for sheriff's sale. After which,

[o]n October 7, 2014, [the Wampoles] filed a petition to stay the Sheriff's sale and to divert the case to the Berks County Mortgage Foreclosure Diversion Program. [The trial] court denied this petition on December 9, 2014. The property was sold to [Bank's] attorney at the Sheriff's sale on June 5, 2015. [The Wampoles] filed a *pro se* petition to set aside the Sheriff's sale on June 29, 2015. A Sheriff's Deed was executed on June 30, 2015 and recorded on July 1, 2015.

According to [the Wampoles'] petition to set aside the Sheriff's sale, [Bank] was the mortgage servicer and Fannie Mae was the mortgage holder of [Wampole's] residence. Greentree Servicing – Green Tree had informed

> [the Wampoles] on April 1, 2015, that it would stay the sale and honor [the Wampoles'] trial agreement, but the sale proceeded anyway. At the June 5, 2015 sale, a Fannie Mae representative informed [the Wampoles] that it had a new servicing company. [The Wampoles] attempted to negotiate a resolution, but [Bank] refused to enter into an agreement. [The Wampoles] also contended that there was an error of $100,000.00 on the amount of damages in the petition to reassess damages.

> [The trial] court held an argument on [the Wampoles'] petition. At the argument, [the Wampoles] were represented by counsel who had filed a brief in support of the[] petition. [The trial] court denied [the Wampoles'] petition. [The Wampoles] filed the instant appeal.

Trial Court Opinion, 10/20/2015, at 1-2.

On appeal, the Wampoles raise only a single issue for our review.

> I. Whether the [trial court] abused its discretion or committed an error of law by finding that [the Wampoles] failed to establish just and proper cause to set aside (or estop) the Sheriff's sale of [the Wampoles'] residence, when evidence was presented to the [trial court] of [Bank's] bad faith and oppressive conduct that resulted in sanctions against [Bank] by the Consumer Financial Protection Bureau for [Bank's] deceptive acts and practices that prevented mortgagors such as [the Wampoles] from making an informed choice of how to retain or dispose of their home, which resulted in unnecessary foreclosures by the [Bank]?

Appellants' Brief at 6. Bank asserts that the Wampoles waived all issues as their brief fails to comply with the briefing rules outlined in the Pennsylvania Rules of Appellate Procedure[1] and their concise statement is vague and overbroad. *See* Appellee's Brief at 10-14. The Wampoles' failure to specify adequately the issue complained of on appeal and the brief's failure to

---

[1] Specifically Pa.R.A.P. 2117, 2119, and 2131.

comply with the appellate rules may constitute sufficient grounds to find waiver on these issues. **See** Pa.R.A.P. 1925; Pa.R.A.P. 2119. Nonetheless, we decline to find waiver and address the Wampoles' claim.

Pursuant to Pennsylvania Rule of Civil Procedure 3132,

> [u]pon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. No. 3132. "The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner." **Merrill Lynch Mortgage Capital v. Steele**, 859 A.2d 788, 792 (Pa. Super. 2004) (citation omitted). "The decision to set aside a sheriff's sale is governed by equitable considerations, and this Court will not reverse the trial court's decision absent an abuse of discretion." **See Nationstar Mortgage, LLC v. Lark**, 73 A.3d 1265, 1267 (Pa. Super. 2013) (citation omitted). "An abuse of discretion occurs if there was an error of law or the judgment was manifestly unreasonable or the result of partiality, prejudice, bias or ill will." **Silver v. Thompson**, 26 A.3d 514, 516 (Pa. Super. 2011) (citation omitted).

The Wampoles' sole argument is that Bank's entrance into a consented fine, with the Consumer Financial Protection Bureau ("CFPB"), for unfair and deceptive trade practices warrants equitable relief because such practices occurred in the instant matter. Simply, the Wampoles are challenging the underlying judgment using the same argument they previously asserted and

this Court found meritless. *See Flagstar Bank, FSB*, No. 1321 MDA 2013 at 3, 6.[2]

"The law of the case doctrine sets forth various rules that embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier matter." *Ario v. Reliance Ins. Co.*, 980 A.2d 588, 597 (Pa. 2009) (citation omitted). The law of the case doctrine exists to ensure fundamental fairness in the justice system. *Id.* at 599. Therefore, departure from such doctrine

> is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.

*Id.* (quoting *Commonwealth v. Starr*, 664 A.2d 1326, 1332 (Pa. 1995)).

In the instant matter, there has been no intervening change in the controlling law, and the prior holding was not clearly erroneous. Additionally, although Bank did enter into a consented fine agreement with CFPB subsequent to the previous judgment, this fact, by itself, does not

---

[2] "[The Wampoles] claims that [t]he[y] 'never in good faith defaulted on the mortgage.' Rather, [t]he[y] explain[] that Bank suggested [t]he[y] apply for a modification before any default had occurred. [The Wampoles] further asserts that [t]he[y] complied with all of Bank's instructions regarding the modification, but that Bank misled [them] and caused delays and difficulties that impacted the loan modification." *See Flagstar Bank, FSB*, No. 1321 MDA 2013 at 3.

constitute a substantial change in the facts or evidence, does not change the circumstances regarding the default *sub judice*,[3] and does not warrant equitable relief.

Furthermore, in **Bornman v. Gordon**, 527 A.2d 109, 112 (Pa. Super. 1987), a tenant attempted to set aside a sheriff's sale of personal property to satisfy the judgment against her. **Bornman**, 527 A.2d at 112. This Court held that it was not an abuse of discretion for the trial court to deny a petition to set aside a sheriff's sale where the record was clear that there was no effort to satisfy the judgment regardless of whether she was misinformed of the amount she was indebted. **Id.**

In the matter *sub judice*, the trial court, in addressing the petition to set aside sheriff's sale, found that during the time period after summary judgment was entered and the sheriff's sale occurred, the Wampoles lived at the residence without having cured the mortgage or entered into an agreement with Bank. **See** Trial Court Opinion, 10/20/15, at 3. As this Court previously affirmed the underlying judgment, the trial court was not presented with any substantial new evidence regarding said judgment, and the Wampoles failed to establish that equitable considerations warranted

_____

[3] In the underlying judgment, this Court found that the Wampoles failed to produce evidence regarding statements denying the evidence of default and did not specifically deny the mortgage was in default for non-payment. **See Flagstar Bank, FSB**, No. 1321 MDA 2013 at 5.

relief, the trial court did not abuse its discretion when it denied the Wampoles' petition to set aside the sheriff's sale.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016