J-S08002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| REVERSE MORTGAGE SOLUTIONS, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOCELYN GIBSON, KNOWN HEIR OF LILLIAN R. GIBSON, | |
| Appellant | No. 2856 EDA 2018 |

Appeal from the Order Entered August 31, 2018
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2015-02471

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 24, 2019**

Appellant, Jocelyn Gibson, known heir of Lillian R. Gibson, appeals from the August 31, 2018 order denying her emergency motion to void, set aside, and nullify the sheriff's sale of the property located at 1607 Reservoir Avenue, Willow Grove, PA ("the Property").  After careful review, we affirm.

This matter arises from a complaint in mortgage foreclosure filed by Reverse Mortgage Solutions, Inc. ("Reverse Mortgage") on February 2, 2015, against Appellant.  The Property was subsequently sold to Reverse Mortgage at a sheriff's sale on June 27, 2018.  We need not reiterate the history of this case at length herein, as the trial court sufficiently set forth the relevant facts

_____

[*] Former Justice specially assigned to the Superior Court.

and procedural history in its November 16, 2018 opinion. **See** Trial Court Opinion, 11/16/18, at 1-4.

On October 1, 2018, Appellant filed a timely notice of appeal. Herein, Appellant presents the following issue for our review:

> Whether the April 25, 2018[] filing by [Reverse Mortgage] of a new motion for a postponement of the sheriff['s] sale for [the Property] before Judge Bertin of the Montgomery County Court of Common Pleas as opposed to filing a motion for reconsideration before Judge Moore to remove the requirement that the sheriff['s] sale be postponed pending dispositions of pending motions was fraud on the court[?]

Appellant's Brief at 8 (unnecessary capitalization omitted).

We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough opinion of the Honorable Bernard A. Moore of the Court of Common Pleas of Montgomery County, entered on November 16, 2018. We conclude that Judge Moore's well-reasoned opinion accurately disposes of the issues presented, and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Moore's opinion as our own and affirm the order denying Appellant's motion to void, set aside, and nullify the June 27, 2018 sheriff's sale.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL DIVISION

REVERSE MORTGAGE
SOLUTIONS, INC.

                            Plaintiff

                        v.

JOCELYN GIBSON, *et al*

                       Defendants

Superior Ct. No. 2856 EDA 2018

Comm. Pl. Ct. No. 2015-02471

## OPINION

Moore, S.J.                                  November 16, 2018

### I.    FACTS AND PROCEDURAL HISTORY

Plaintiff, Reverse Mortgage Solutions, Inc. (hereinafter "Reverse Mortgage") filed a mortgage foreclosure lawsuit on February 2, 2015, against the Mortgagor, Lillian R. Gibson (hereinafter Lillian Gibson) seeking possession of property located at 1607 Reservoir Ave., Willow Grove, Pennsylvania (hereinafter "the Property"). The original complaint alleged that the mortgage was in default because the Property was no longer the principal residence of Lillian Gibson, in violation of the terms of the mortgage.

On October 7, 2016, after learning that Lillian Gibson had died, Reverse Mortgage filed a Motion to file an Amended Complaint against Lillian Gibson's heirs. A response to this motion was filed by Jocelyn Gibson in which she stated that she was the owner of the Property and the

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

daughter of Lillian Gibson. The Motion to Amend was granted, and on December 14, 2016, an Amended Complaint was filed, naming all known and heirs as well as any unknown heirs. The Amended Complaint added as additional grounds of default that taxes and insurance bills had not been paid. Service of the Amended Complaint on the unknown parties by publication was allowed by court order. Jocelyn Gibson filed an answer to the Amended Complaint on January 3, 2017.

Reverse Mortgage filed a motion for summary judgment to which no response was filed. This motion was granted on August 17, 2017. Jocelyn Gibson failed to timely appeal the grant of summary judgement. A Praecipe to Issue Writ of Execution was filed on October 17, 2017. On November 1, 2017, Gibson filed a "Petition for Leave to Appeal *Nunc Pro Tunc*, Vacate Judgement and Stay Execution", seeking to appeal the grant of summary judgment. On December 15, 2017, the undersigned granted Gibson's motion to stay execution proceedings, including the sheriff's sale scheduled for January 21, 2018, "pending disposition of Defendant's Petition for Leave to Appeal *Nunc Pro Tunc*, Vacate Judgement in the Court of Common Pleas." On December 21, 2018, the undersigned amended the Order entered on December 15, 2017 to state that the sheriff's sale was "postponed" rather than "stayed."

While the motion to appeal *nunc pro tunc* was pending, in support of her motion to appeal *nunc pro tunc*, Jocelyn Gibson sought to subpoena her mail carrier to support her claim that she did not respond to the motion for summary judgment because she did not receive her mail. This led to this case being removed to federal court on March 27, 2018.[1] While the case was in federal court, Plaintiff, Reverse Mortgage, filed a motion to postpone the sheriff's sale until June 27, 2018 to allow its motion to remand to be ruled upon. Gibson did not oppose Plaintiff's motion seeking this postponement. Reverse Mortgage's motion was granted and the postponement of the sale was "extended" until June 27, 2018 by an order signed by the Honorable Emanuel A. Bertin dated April 25, 2018. Gibson did not seek to appeal this order postponing the sale until June 27, 2017.

Gibson did not seek any further postponement of the sheriff's sale. Thus, in accordance with the terms of Judge Bertin's order, the Property was sold to Reverse Mortgage at sheriff's sale on June 27, 2018. The deed was recorded in the Montgomery County Recorder of Deeds office on July 23, 2018. On July 6, 2018, Gibson's motion to appeal the grant of summary judgement *nunc pro tunc* was denied. No appeal was taken of this July 6, 2018 order.

On August 21, 2018, approximately a month after the sheriff's deed granting ownership to Reverse Mortgage was recorded, and over a month after her *nunc pro tunc appeal* of the grant of summary judgment was denied, Gibson filed an "Emergency Motion to Void, Set Aside and Nullify the June 27, 2018 Sheriff's Sale Based on Fraud." In this motion, the only issue Gibson argued is that the "coordinate jurisdiction rule" was violated because orders concerning the postponement of scheduled sheriff's sales were entered by different judges in Montgomery County. A hearing on this motion was held on August 31, 2018. Following this hearing, on

---

[1] This lawsuit was remanded to state court by order of the Honorable Robert Kelly on May 4, 2018, approximately two month prior to the sheriff's sale.

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

August 31, 2018 this court denied Gibson's motion to set aside the sheriff's sale. This appeal followed.

## II. DISCUSSION

An appellate court's scope of review in cases such as this is limited to determining whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *City of Allentown v. Kauth,* 874 A.2d 164, 165 n. 4., *In re: Dauphin County Tax Claim Bureau,* 834 A.2d 1229 (Pa.Cmwlth.2003). An abuse of discretion occurs when in reaching a decision, "the law is overridden or misapplied, of the judgment exercised is manifestly unreasonable, or the result of partiality, bias or ill will." *Tullytown Borough v. Armstrong,* 129 A.3d 619, 622 (Pa Cmwlth. 2015) *appeal denied* 145 A3d 729 (Pa. 2016). The burden of proving circumstances warranting the exercise of the court's equitable powers is on the party seeking relief. *Bornman v. Gordon,* 363 Pa. Super. 607, 527 A.2d 109, 111 (1987), *appeal denied,* 517 Pa. 620, 538 A.2d 874 (1988). Gibson has not met this burden.

Gibson's arguments for setting the sheriff's sale aside is that this court had violated the coordinate jurisdiction rule by vacating the stay of the sheriff's sale. No other allegation of fraud is set forth by Gibson.

The coordinate jurisdiction rule has no application in this case. As explained in *Zane v. Friends Hospital,* 575 Pa. 236, 243, 836 A.2d 25, 29 (2003), the coordinate jurisdiction rule stands for the proposition that judges of coordinate jurisdiction should not overrule each other's decisions. The stay and postponement orders in this case were entered by the undersigned while Gibson pursued a petition to appeal a grant of summary judgment against her *nunc pro tunc.* The December 15' 2017 order entered by the undersigned stayed the Sheriff's sale. This order was amended to postpone, rather than

4

stay the sale. Both of these Orders were entered by the same judge. No appeal was taken of these orders. The April 25, 2018 order by Judge Bertin which continued the postponement of the sale did not overrule any orders entered by the undersigned. No appeal was taken of this order

The orders at issue in this appeal deals with postponements or stays of sheriff's sales.[2] The orders stayed the Sheriff's Sale due to a pending motion by Gibson to appeal the grant of summary judgment *nunc pro tunc* and the removal of the case to federal court. These orders were not contradictory. It cannot be seriously argued that once a postponement of a Sheriff's sale is granted because of circumstances that existed at one point in time, that postponement of stay must go on forever, even when the circumstances which prompted the stay or postponement no longer exist.

Furthermore, after Judge Bertin's order was entered giving a date of June 27, 2018 for the Sheriff's sale, Gibson never sought to stay this sale. Thus, she has waived any argument in regards to the propriety of allowing the June 27, 2018 sale to go forward. In addition, Gibson's motion to appeal the grant of summary judgment *nunc pro tunc* was denied. No appeal of this denial was filed. Therefore, Gibson cannot challenge the grant of summary judgment in Reverse Mortgage's favor, and cannot now argue she was harmed by the sale going forward.

Finally, Gibson's challenge is untimely pursuant to Pa. R.C. P.3132 and Pa. R.C. P. 3135. Any petition to set aside a sheriff's sale must be filed before delivery of the sheriff's deed. This court takes judicial notice that the deed granting ownership of 1607 Reservoir Ave., Willow Grove, Pennsylvania to Reverse Mortgage was recorded on July

---

[2] In Montgomery County, different judges sit in equity at different times, and thus address motions for continuances or postponements of sheriff's sales.

5

18, 2018. After the sheriff executed the writ and the deed had been recorded, the court could not issue an order that had any legal force or effect regarding this requested relief. *See Johnson v. Martofel,* 797 A.2d 943 (Pa. Super. 2002). The relief requested by Gibson was moot. Her Emergency Motion to Set Aside and Nullify the June 27, 2018 Sheriff's Sale Based on Fraud was properly denied for this additional reason.

## III. CONCLUSION

For all the above stated reasons, it is respectfully submitted that this Court's order should be affirmed.

BY THE COURT:

BERNARD A MOORE, S. J.

Cc: Brian J. Slipakoff, Esquire
Mark S. Keenheel, Esquire

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.