J-S55031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK, NATIONAL TRUST COMPANY | : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| GINA ACKERMAN | | |
| Appellant | | No. 317 WDA 2019 |

Appeal from the Order Entered January 29, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  MG 16-001201

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:                **FILED OCTOBER 18, 2019**

Appellant, Gina Ackerman, appeals from the order denying her petition to set aside sheriff's sale of her real property.  We affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  ***See*** Trial Court Opinion, filed April 29, 2019, at 1-2.  Therefore, we have no reason to restate them at length here.  For the convenience of the reader, we briefly note that, in 2005, Appellant and her late husband, Sean Ackerman, executed and delivered a mortgage to Mortgage Electronic Registration Systems Inc., the predecessor in interest of Appellee, Deutsche Bank National Trust Company.  Appellant defaulted on the mortgage on May 1, 2015, and Appellee sent an Act 91 notice

_____

[*] Retired Senior Judge assigned to the Superior Court.

to Appellant on July 1, 2015.  ***See*** 35 P.S. §§ 1680.401c–1680.412c.  Appellee commenced a foreclosure action against Appellant in 2016 and entered judgment in 2018, and the property was sold at sheriff's sale on January 7, 2019.  Appellant subsequently filed a petition to set aside sheriff's sale, which the trial court denied on January 29, 2019.  On February 28, 2019, Appellant filed this timely appeal.[1]

Appellant now presents the following issue for our review:

> Whether the Common Pleas Court erred in denying the petition to set aside sheriff's sale where [Appellee]'s Act 91 notice was defective and premature?

Appellant's Brief at 2.

"A petition to set aside a sheriff's sale is grounded in equitable principles."  ***Wells Fargo Bank N.A. v. Zumer***, 205 A.3d 1241, 1244 (Pa. Super. 2019) (citations and internal brackets and quotation marks omitted).

> The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner . . . When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

***GMAC Mortgage Corporation of PA v. Buchanan***, 929 A.2d 1164, 1167 (Pa. Super. 2007) (citations omitted).

> Upon petition of any party in interest before delivery of . . . the sheriff's deed to real property, the court may, upon proper cause

---

[1] Appellant filed her statement of errors complained of on appeal on March 21, 2019.  The trial court entered its opinion on April 29, 2019.

> shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John T. McVay, Jr., we conclude that Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. *See* Trial Court Opinion, filed April 29, 2019, at 3–7 (finding: (1) the Act 91 notice was not premature, because it was sent "at least" 60 days after the default, the minimum time required by statute; and (2) the Act 91 notice properly itemized the amount to cure the default). Our only addition is that Appellant's reliance on *JP Morgan Chase Bank, N.A. v. Taggart*, 203 A.3d 187 (Pa. 2019), is misplaced. Appellant's Brief at 5-6. *Taggart*, 203 A.3d at 189, analyzed the sufficiency of a pre-foreclosure notice under Act 6, 41 P.S. §§ 101-605, not Act 91. *Taggart*, 203 A.3d at 195, also held only that a new pre-foreclosure notice is required "each time the lender initiates a mortgage foreclosure action[,]" whereas, in the current action, Appellee commenced only one foreclosure action against Appellant. Consequently, *Taggart* is inapposite. The trial court hence did not abuse its discretion by denying Appellant's petition to set aside sheriff's sale. *See GMAC*, 929 A.2d at 1167. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/18/2019

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
## CIVIL DIVISION

DEUTSCHE BANK, NATIONAL TRUST COMPANY

Plaintiff

Vs.

GINA ACKERMAN,

Defendant

CIVIL DIVISION

MG No 16-001201

OPINION DATED:

HONORABLE JOHN T. MCVAY, JR.

Counsel for Plaintiff
Dorothy A. Davis, Esquire,
Michael P. Pest, Esquire,
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

Counsel for Defendant
Michael S. Geiser, Esquire
201 Penn Center Blvd, Suite 524
Pittsburgh, Pa 15235

DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA
19 APR 29 AM 11:41
FILED

COURT OF COMMON PLEAS
2019 APR 26 PM 3:45

OPINION
MCVAY JR, J.

The Defendant, Gina Ackerman, appeals this Court's January 28, 2019 Order

denying the Defendant's Petition to Set Aside Sheriff's sale. For reasons discussed

below, this Court's Order should be affirmed and the appeal dismissed with

prejudice.

## Facts

The Defendant Gina Ackerman, and her late husband Sean Ackerman,

executed and delivered a mortgage to the Plaintiff's predecessor in interest, Mortgage

Electronic Registration Systems Inc, which was recorded December 7, 2005. The

mortgage secured a loan on real property located at 1309 Pennhurst Dr, McKeesport,

Pa 15135, in the amount of $110,400 dollars. The loan was subsequently modified by

a Loan Modification agreement, signed and dated by the Defendant on September 17,

2012. Subsequent to the modification, the Defendant defaulted on the terms of the

note and the mortgage.

## Procedural History

On July 1, 2015, the Plaintiff sent an Act 91 Notice ("Notice") to the Petitioner

claiming a default. This Notice was required under Act 91, 35 P.S. §1680.401(c), prior

to filing a Complaint in Mortgage Foreclosure. On September 12, 2016, the Plaintiff

filed that complaint, attaching the Notice as exhibit A.. Prior to receiving a default

judgment, the Defendant was admitted into the Allegheny County "Save Your Home"

Program. A conciliation was scheduled for December 12, 2017, however the

1

Defendant failed to appear, and the Defendant was removed from the program and the stay on the mortgage foreclosure was lifted. The Plaintiff subsequently entered Judgement against the Defendant on April 25, 2018 and obtained a Writ of Execution on May 14, 2018. The property was to be sold at Sherriff's sale on October 1, 2018, however it was continued twice, once for lack of personal service, a second time to allow for the Defendant to file a loss mitigation package. The property ultimately sold on January 7, 2019 to the Plaintiff. Subsequent to the Sheriff's sale on January 7, the Defendant filed a Petition to Set Aside Sheriff's Sale. Argument on that Petition was held on January 28, 2019, at which time this Court denied that Petition. The Defendant filed a Notice of Appeal from this Court's order denying the Petition on February 28, 2019, after which this Court ordered the Defendant to file a Rule §1925(b) Statement of Errors Complained of on Appeal on March 1, 2019. The Defendant complied with that order by filing a 1925(b) statement on March 21, 2019. In their Rule §1925(b) statement, the Defendant raised two errors made by the Court:

1. Whether the Common Pleas Court erred in denying the Petition to Set Aside Sherriff's Sale where the Plaintiff's Act 91 Notice was defective and premature?

2. Whether the Common Pleas Court erred in denying the Petition to Set Aside Sheriff's Sale where the Plaintiff's Act 91 Notice did not state a monthly payment amount?

## Discussion

The Defendant's Petition requested to set aside the properly noticed, lawfully conducted sheriff's sale that was completed on January 7, 2019. Pa. R.C.P 3132 governs setting aside a Sheriff's sale and states,

> "Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances."

The exercise of this power by the court is equitable in nature. *Bornman v. Gordon* 527 A.2d 109, 111 (1987). The court in *Bornman* further described the burden to set aside a sheriff's sale, noting,

> "As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence. *Id.*

In the Petition to Set Aside Sheriff's sale, the Defendant alleged that the Plaintiff's Notice was premature because it was "sent out before the mortgage was "more than sixty (60) days delinquent". Plaintiff's Petition ¶9(b). Further, the Defendant alleged the Notice was defective because it "did not state a monthly payment amount". Plaintiff's Petition ¶9(a). This Court notes at the outset that the purpose of the Act 91 Notice is to provide the Defendant with the amount and opportunity to cure the default. *See,* Wells Fargo Bank, N.A. ex rel. Certificate Holders of Asset Backed Pass-through Certificates Series 2004-MCWI v. Monroe, 966 A.2d 1140, 1142 (2009). Because of the discussion below, the Court finds that the Plaintiff's Act 91 was not premature, was not defective in failing to provide a

3

monthly payment, and properly noticed the Defendant of the amount required to cure the default and the opportunity to do so, consistent with the purpose of the notice.

### The Plaintiffs Act 91 Notice was not premature.

The relevant statutory provision *sub judice* comes from 35 Pa. C.S.A. §1680.403C(a) and it states,

> "(a) Any mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at his or her last known address the notice provided in subsection (b): Provided, however, That such mortgagor shall be at least sixty (60) days contractually delinquent in his mortgage payments or be in violation of any other provision of such mortgage."

The Defendant's argue that the Plaintiff's Notice was defective as it was premature. In making this argument, the Defendant alleged the Notice was sent out before the mortgage was "**more than sixty (60) days delinquent**". Plaintiff's Petition ¶9(c) (emphasis added). The Defendant's allege that to be more than 60 days delinquent, the sum of $1,576.94 would have to be due.

Section 1680.403C(a) does not require the delinquency to be more than sixty (60) days. The statute states that, should any mortgagee desire to foreclose upon a mortgage, a notice must be given, "provided however that such mortgagor shall be **at least sixty (60) days** contractually delinquent in his mortgage payments". *Id.* Thus, the Plaintiff properly sent the Act 91 Notice on July 1, 2015, 60 days after the default which occurred on May 1, 2015 by the Defendant's failure to make the required monthly payment.

4

The Defendant's second contention that for the mortgage to be "more than 60 days" delinquent, $1,576.94 would have to be due is also flawed. Section 1680.403C does not state that the mortgage must have a past-due balance of 60 days. In fact, nowhere in §1680.403C does it discuss "past-due balance" at all. The Defendant has cited no authority, either from the statute or case law that would support the contention that a past due balance of 60 days was required. In fact, the original mortgage documents signed by the Defendant, attached to the Plaintiff's Reply to the Defendant's Petition as Exhibit A, states that the Defendant will be in default if she did not pay the "full amount each month on the date it is due". Exhibit A ¶7(B). Any partial payment by the Defendant would have constituted a default under those terms. Furthermore, if the Defendant's logic was accepted by this Court, the Plaintiff would never be permitted to proceed on a foreclosure action or send a valid Act 91 notice so long as the Defendant maintained a delinquent balance of less than two full months. Thus, because of the failure to make the full amount on May 1, 2015 and June 1, 2015, the Defendant was delinquent for "at least sixty (60) days" on July 1, 2015 and the Act 91 Notice was properly sent.

## The Act 91 Notice properly itemized the amount to cure the default

The Defendant further alleges that that Notice was defective because it did not state a monthly payment amount. However, the Petition cites no authority, either from the statute or case law, to support the claim that the statute requires the Notice to include the Defendant's monthly payment. Additionally, this Court again emphasizes the purpose and intent of the Act 91 Notice, which is to provide

5

the Defendant with an amount and opportunity to cure the default. The Court finds the Notice provided to the Defendant with that amount and opportunity to cure..

35 P.S. 1680.403C(b) defines the requirements of an Act 91Notice. The relevant language of §1680.403C (b) reads,

> "This notice shall also advise the mortgagor of his delinquency or other default under the mortgage, *including an itemized breakdown of the total amount past due,* and that such mortgagor has thirty (30) days, plus three (3) days for mailing, to have a face-to-face meeting with a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise." (emphasis added).

In reviewing this statute, this Court must construe the words according to their common and accepted usage. 1 Pa.C.S.A. §1903; *Fireman's Fund Ins. V. Nationwide Mut. Ins.,* 464 A.2d 431 (1983).

The language of §1680.403c does not require the Notice to state the monthly payment as suggested by the Defendant. A plain reading of the statute shows that only an **"itemized breakdown of the total amount past due"** is required. The Defendant has not provided any authority interpreting §1680.403C to require the Notice to list a monthly payment. Thus, this Court, in denying the Defendant's Petition, found that the Act 91 Notice complied with that requirement.

The Notice provided that the Mortgage was "seriously in default" because the Defendant had not made the required monthly payments. The Notice itemized the default, and stated the "Payment due for 05-01-2015" was $1,576.94. Included in that number was escrow payments which the Notice delineated as $288.06. The Notice further itemized the amount past due into "Accrued Late Charges", "Advances Made on Customer's behalf" and "Escrow advance balance". This Court

6

finds that the itemization satisfies the requirement of §1680.403C, and thus the Act 91 Notice was proper.

## CONCLUSION

In conclusion, no reversible error occurred and this Court's findings should be affirmed, and the Defendant's appeal should be dismissed with prejudice.

BY THE COURT,

_____ J.

MCVAY JR, J.

7