IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tullytown Borough,                          :
                                            : No. 239 C.D. 2015
                        Appellant           : Argued:  October 6, 2015
                                            :
            v.                              :
                                            :
Edward Armstrong, Robert                    :
Campanaro, Edward Czyzyk, and               :
George Fox                                  :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION
BY SENIOR JUDGE FRIEDMAN            FILED:  December 11, 2015


        Tullytown Borough (Borough) appeals from the January 15, 2015, order of the Court of Common Pleas of Bucks County (trial court) denying the Borough's motion for a protective order.[1]  We affirm based on the trial court's opinion.

        Edward Armstrong, Robert Campanaro, Edward Czyzyk, and George Fox (Appellees) filed a writ of summons commencing a civil rights action pursuant to 42 U.S.C. §1983 against the Borough.  Thereafter, by letter dated September 30,

_____

[1] The Borough filed a motion to certify this interlocutory order for appeal by permission, but the trial court denied it pursuant to section 702(b) of the Judicial Code, 42 Pa. C.S. §702(b).  By order dated March 30, 2015, this court granted the Borough's petition for review of the interlocutory order pursuant to Pa. R.A.P. 1311, Note.

2014, Appellees sought to depose nine Borough employees.[2] The letter identified the individuals but failed to indicate the reasons for the depositions.

On October 30, 2014, the Borough filed a motion for a protective order, arguing that Appellees' request for pre-complaint discovery, i.e., the letter asking to depose the nine witnesses, is expansive and without justification. The Borough stated that Appellees failed to explain how the depositions are material and necessary to the filing of a complaint and pointed out Appellees' history of abusive litigation. According to the Borough, Appellees' lawsuit is frivolous and a "fishing expedition" to gain information for use in the upcoming election. (Borough's Mot., 10/30/14, at 1-3.)

Appellees responded that they requested pre-complaint discovery, pursuant to Pa. R.C.P. No. 4003.8, to obtain material and necessary facts to plead a violation of Appellees' civil and constitutional rights. (Appellees' Reply, 11/14/14, at 1-3.) In their memorandum of law in support of their pre-complaint discovery request, Appellees contended that they "have reason to believe that [Borough] Police Officers were spying on campaign meetings of [Appellees], who were candidates for [B]orough Council positions, at various locations within [the Borough]." (Appellees' Mem., 11/14/14, at 4.) Appellees further argued that they "were advised by certain individuals that [Borough] Police Officers were ordered to follow the activities of the [Appellees] as candidates for office in 2013." (*Id.* at 6.)

---

[2] Appellees requested the deposition testimony of four police officers, John Finby, Philip Kulan, Andrew Bunda, and Ryan Bunda; two former police officers, Shawn McLister and James Reichel; the current Chief of Police, Daniel Doyle; the former Chief of Police, Patrick Priore; and Chairman of the Police Committee, Councilman Matthew Pirolli.

2

In its brief in support of its motion for a protective order, the Borough stated that there are no facts of record:

> The only thing close to a factual allegation comes from [Appellees'] brief that '[Appellees] were advised by certain individuals that [Borough] Police Officers were ordered to follow the activities of the [Appellees] as candidates for office in 2013.' Notably, [Appellees] do not seek to depose there (sic) 'certain individuals.' Instead, they want to depose the entire police department.

(Borough's Br. at 2 (citation omitted).)

On November 20, 2014, the trial court issued a rule to show cause why the Borough's motion for a protective order should not be granted. On December 8, 2014, the Borough filed a praecipe under Bucks County Rule of Civil Procedure (Bucks County Rule) No. 208.3(b), requesting disposition of the motion.[3]

---

[3] Bucks County Rule No. 208.3(a)(2) provides that when the trial court issues a rule to show cause and a response is filed, the motion shall be submitted to, and decided by, the trial court pursuant to Bucks County Rule No. 208.3(b). Bucks County Rule No. 208.3(b)(2) provides that "[s]ubject to the requirements of Pa. R.C.P. No. 206.7, when the matter is at issue and ready for decision, the moving party on the application shall, by praecipe, order the same to be submitted for disposition pursuant to this rule." Pa. R.C.P. No. 206.7(c) sets forth the following procedure after the issuance of a rule to show cause:

> (c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, *the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted* for the purpose of this subdivision.

(Emphasis added).

3

On January 15, 2015, the trial court denied the Borough's motion for a protective order. The Borough requested reconsideration and certification of the order for interlocutory appeal. The trial court denied both requests on February 11, 2015. The Borough petitioned this court for review.

By order dated March 30, 2015, this court granted the Borough's petition for review of the interlocutory order and agreed to consider the following issue on appeal:

> Did the trial court err by allowing pre-complaint discovery where the [trial] court did not require the party seeking discovery to demonstrate that the information sought is material and necessary to the filing of the complaint and that discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.

(Cmwlth. Ct. Order, 3/30/15, at 1.)

Before this court, the Borough argues that the trial court erred in determining that Appellees demonstrated that the nine requested depositions were material and necessary to draft a complaint. We disagree.

Initially, we observe that

> [d]iscovery matters, including pre-complaint discovery requests, are within the discretion of the trial court, and we will not reverse absent an abuse of discretion. An abuse of discretion occurs where "in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will."

4

*Pelzer v. Wrestle*, 49 A.3d 926, 929 (Pa. Cmwlth. 2012) (citations omitted).

Pa. R.C.P. No. 4003.8 restricts pre-complaint discovery as follows:

(a)    A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.

(b)    Upon a motion for protective order or other objection to a plaintiff's pre-complaint discovery, the court may require the plaintiff to state with particularity how the discovery will materially advance the preparation of the complaint.  In deciding the motion or other objection, the court shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought.

Thus, a trial court may, but is not required to, direct a party to state how discovery will advance preparation of the complaint.

Pursuant to Pa. R.C.P. No. 206.7, the trial court, in reviewing the rule to show cause and the Borough's motion, assumed the facts in Appellees' reply and memorandum of law to be true.  The trial court determined that the Borough admitted that: (1) Appellees needed the depositions to establish the material and necessary facts to plead a cause of action; (2) there was police surveillance of political candidates in the Borough in 2013; and (3) the depositions would not be annoying, oppressive, burdensome, or expensive.  (Trial Ct. Op. at 3.)

Here, after review of the record, we conclude that the trial court did not abuse its discretion in denying the Borough's motion for protective order. The trial court thoroughly addressed the Borough's issue in its opinion.

Accordingly, we affirm based on the well-reasoned opinion of the Honorable James M. McMaster.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

President Judge Pellegrini concurs in the result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tullytown Borough,                :
                                      : No. 239 C.D. 2015
                  Appellant       :
                                        :
              v.                   :
                                        :
Edward Armstrong, Robert         :
Campanaro, Edward Czyzyk, and   :
George Fox                    :

# O R D E R

AND NOW, this 11th day of <u>December</u>, 2015, we hereby affirm the January 15, 2015, order of the Court of Common Pleas of Bucks County based on the opinion of the Honorable James M. McMaster in *Armstrong v. Tullytown Borough,* (Bucks Co., No. 2014-05675, Ct. Com. Pl. Bucks Co. Civil Div., filed May 15, 2015).

Jurisdiction relinquished.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL DIVISION

EDWARD ARMSTRONG, ROBERT     :          No.: 2014-07518
CAMPANARO, EDWARD CZYZYK, and  :
GEORGE FOX                       :

                       :

             vs.           :

                       :

TULLYTOWN BOROUGH          :

## ORDER

AND NOW, this 15th day of January, 2015, upon consideration

of Defendant's Motion for a Protective Order and any response thereto, it is

hereby ORDERED and DECREED that Defendant's Motion is DENIED.

BY THE COURT

_James M. McMaster, J._
James M. McMaster, J.

N.B. It is your responsibility
to notify all interested parties
of the above action.

56a

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | | |
|---|---|---|
| Edward Armstrong, Robert Campanaro, Edward Czyzyk, & George Fox | : | NO.: 2014-05675 |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Tullytown Borough | : | |

### OPINION

This is an appeal of an Order, dated January 15, 2015, which denied Tullytown Borough ("Defendant")'s Motion for a Protective Order. Defendant thereafter filed a Motion to Reconsider on February 9, 2015, which this Court denied. Also on February 9, 2015, Defendant filed a Motion to Certify Order for Appeal, which was similarly denied by this Court. The Commonwealth Court entered its Order allowing an appeal on March 30, 2015.

### BACKGROUND

Edward Armstrong, Robert Campanaro, Edward Czyzyk, and George Fox (collectively "Plaintiffs") filed their praecipe for writ of summons on August 14, 2014. Plaintiffs allege a 42 U.S.C. § 1983 cause of action against Defendants. On October 30, 2014, Defendant filed a Motion for a Protective Order. Defendant requested this Court to prohibit Plaintiffs from taking pre-complaint discovery. Specifically, Defendant alleges that Plaintiffs wish to take the depositions of nine individuals, including police officers and a councilman. See Motion for Protective Order at 1. After considering Defendant's Motion and Plaintiff's written response, this Court denied Defendant's Motion on January 15, 2015.

### STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

In its Order, the Commonwealth Court notes the following issue for review on appeal, which is printed *verbatim:*

1

Did the trial court err by allowing pre-complaint discovery where the court did not require the party seeking discovery to demonstrate that the information sought is material and necessary to the filing of the complaint and that discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party?

## STANDARD OF REVIEW

"Discovery matters are within the discretion of the trial court[,] and the appellate court employs an abuse of discretion standard of review." Luckett v. Blaine, 850 A.2d 811, 818 (Cmwlth. Ct. 2004) (citing Luszczynski v. Bradley, 729 A.2d 83, 87 (Pa. Super. 1999)). When a trial court's evidentiary ruling pertains to a question of law, an appellate court's review is plenary. Dodson v. Deleo, 872 A.2d 1237, 1241 (Pa. Super. 2005) (quoting Zieber v. Bogert, 773 A.2d 758 (2001)).

## DISCUSSION

The first issue before the Commonwealth Court is whether Defendant has admitted to all issues of fact stated by Plaintiffs in their Reply to Defendant's Motion for Protective Order. Defendant requested that we decide its Motion for Protective Order under Bucks County Rule 208.3(b). Rule 208.3(b)(2) states, in part, that "[s]ubject to the requirements of Pa.R.C.P. No. 206.7, when the matter is at issue and ready for decision, the moving party on the application shall, by praecipe, order the same to be submitted for disposition pursuant to this rule." Bucks County R.C.P. 208.3(b)(2). Pa.R.C.P. 206.7(c) states as follows:

> If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

In the present case, Defendant filed its Motion for Protective Order on October 30, 2014. Plaintiffs filed their Reply to Defendant's Motion for Protective

2

Order, which raised disputed issues of material fact, on November 14, 2014. On December 8, 2014, without taking depositions, requesting a hearing or otherwise responding to Plaintiff's Reply, Defendant filed its praecipe under Bucks County Rule 208.3(b). Accordingly, Defendant has admitted all factual averments contained in Plaintiffs' Reply, and this Court was then tasked with deciding the Motion based upon the pleadings, including the admissions of Defendant. See Bucks County R.C.P. 208.3(b); Pa.R.C.P. 206.7(c). Based on the facts before it, this Court determined that the Motion for Protective Order should be denied.

Those facts included that Plaintiffs sought to depose certain current and former police officers and a Councilman of Defendant to obtain information regarding the alleged violation of Plaintiffs' civil and constitutional rights based upon police surveillance of Plaintiffs as candidates for borough office in the 2013 elections and that Plaintiffs needed the depositions to establish the material and necessary facts to plead a cause of action. The facts that Defendant admitted also included that there was illegal and unconstitutional police surveillance of political candidates in Tullytown in 2013. The admitted facts also included that the depositions requested would not be annoying, oppressive, burdensome or expensive

Contrary to Defendant's position to the Commonwealth Court, we did in effect require Plaintiffs to demonstrate that the information sought is material and necessary to filing of the complaint and that the requested discovery would not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party. Defendant admitted that by the procedure they chose.

The second issue for the Commonwealth Court to consider is whether this Court validly denied Defendant's Motion for a Protective Order. The Pennsylvania Supreme Court considered the boundaries of pre-complaint discovery in McNeil v. Jordan, 586 Pa. 413, 894 A.2d 1260 (2006). In McNeil, the Court created a standard for courts in this Commonwealth to use when confronted with a pre-complaint discovery issue. Ultimately, the Court

3

determined that a probable cause standard would be the correct standard for courts to apply. In so deciding, the Court stated:

> to obtain pre-complaint discovery a litigant should be required to demonstrate his good faith as well as probable cause that the information sought is both material and necessary to the filing of a complaint in a pending action. A plaintiff should describe with reasonable detail the materials sought, and state with particularity probable cause for believing the information will materially advance his pleading, as well as averring that, but for the discovery request, he will be unable to formulate a legally sufficient pleading.

McNeil, 586 Pa. at 443-44.

Pennsylvania Rule of Civil Procedure ("Pa.R.C.P.") 4003.8, titled "Pre-Complaint Discovery," was drafted after the Supreme Court decided the McNeil case and is the relevant rule to consider when determining if pre-complaint discovery is permissible. In full, the Rule states:

> (a) A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.
> (b) Upon a motion for protective order or other objection to a plaintiff's pre-complaint discovery, the court may require the plaintiff to state with particularity how the discovery will materially advance the preparation of the complaint. In deciding the motion or other objection, the court shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought.

Pa.R.C.P. 4003.8. The Comment to this Rule notes that part (a) establishes "a two-prong test for pre-complaint discovery: (1) the information sought must be material and necessary to the filing of the complaint and (2) 'the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.'" Pa.R.C.P. 4003.8, Comment. Notably, the Comment to the Rule explains that the Supreme Court's requirement that the court find "probable cause" was excluded from the Rule. Pa.R.C.P. 4003.8, Comment. Instead, the Rule only requires that the court determine that the

4

information sought through pre-trial discovery is reasonable and necessary to the filing of the complaint. Pa.R.C.P. 4003.8, Comment.

Here, Plaintiffs have alleged that they were subject to police surveillance while Plaintiffs were candidates for borough office in the 2013 elections. See Reply to Defendant's Motion for Protective Order at 1. Plaintiffs may not be capable of knowing when said surveillance occurred or who specifically surveyed them, but the Plaintiffs have narrowed their claim to a specific time period—the time in which the Plaintiffs were candidates for borough office in 2013. Further, Plaintiffs have specifically listed the individuals that they would like to depose in pre-trial discovery. See Reply to Defendant's Motion for Protective Order at 2. Given this, it is clear to this Court that the depositions of these individuals are material and necessary to the filing of their complaint. Plaintiffs otherwise have no way of ascertaining the details of the alleged police surveillance. Through these depositions, Plaintiffs will be able to determine whether there is a sufficient factual basis to file a complaint against Defendant, which is ultimately the purpose of pre-trial discovery.

Defendant asserts that Plaintiffs are using pre-complaint discovery as a "fishing expedition." See Motion for Reconsideration at 4. According to Defendant, Plaintiffs have not shown how the depositions are necessary for Plaintiffs to then file their complaint. We disagree. Plaintiffs have made it clear to this Court that they believe, and have witnesses who attest, that Plaintiffs were subject to police surveillance in 2013. Plaintiffs have alleged that Plaintiffs are unable to file a complaint without further details of the surveillance, and Plaintiffs believe that they will be able to gather more information about the alleged surveillance through the requested depositions. These depositions are therefore material and necessary to Plaintiffs to file their complaint. Accordingly, the first prong of the Pa.R.C.P. 4003.8 test is met. As indicated in the first section of this Opinion, Defendants have admitted the facts that Plaintiffs have pled.

We believe that the second prong of the Pa.R.C.P. 4003.8 test is met as well. While the taking of nine depositions will undoubtedly impose some burden

5

on the Defendant and on the individuals being deposed, this imposition is not unreasonable, which is the standard of the Rule. Further, Defendant has admitted that the imposition is not unreasonable, as discussed previously. There are no other means for the Plaintiffs to ascertain the information that they need in order to file their complaint, and the allegations made by Plaintiffs are sufficiently serious that we believe it is reasonable for the Plaintiffs to conduct a number of pre-complaint depositions. While Defendant and the individuals being deposed may not wish to participate in the requested depositions, this Court does not believe that the depositions are unreasonable in this case. Therefore, the second prong of the Pa.R.C.P. 4003.8 test is also met.

Part (b) of Pa.R.C.P. 4003.8 states that "the court *may* require the plaintiff to state with particularity how the discovery will materially advance the preparation of the complaint." Pa.R.C.P. 4003.8(b) (emphasis added). There is no requirement in the Rule that the trial court *must* require the plaintiff to state specifically how the discovery will advance the preparation of the complaint; instead, it is the trial court's discretion to decide if such information is necessary. Here, we did require Plaintiffs to establish how the depositions would materially advance the preparation of the complaint, since we were satisfied that Defendant's admission of the facts contained in Plaintiffs' Reply to Defendant's Motion for Protective Order established that such depositions would materially advance the preparation of the complaint, as previously discussed.

Part (b) of the Rule also requires that "[i]n deciding the motion or other objection, the court shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought." Pa.R.C.P. 4003.8(b). Here, we did just that. In making its decision, we considered the importance of the depositions and the information that may, or may not, be gleaned from them. We then weighed this against the burden on Defendant and the individuals Plaintiffs wish to depose. In considering this, we determined that the burden on Defendant is reasonable in this case, and we believe that the value of the pre-complaint discovery outweighs the burden on the Defendant. Accordingly, we complied with this part of the Rule as well.

6

## CONCLUSION

This Court did not err in denying Defendant's Motion for Protective Order. Plaintiffs' interest in conducting the pre-complaint discovery—specifically the nine requested depositions—meets the requirements of the two-prong test set forth in Pa.R.C.P. 4003.8. Therefore, this Court was within its discretion to deny the Motion.

BY THE COURT

5-15-15
DATE

JAMES M. MCMASTER                    J.

**Copies Sent To:**

N.B. It is your responsibility
to notify all interested parties
of the above action.

Lawrence M. Otter, Esq.
P.O. Box 575
Silverdale, PA          18962

*Attorney for Plaintiffs*

Frank J. Lavery, Jr., Esq.
Joshua M. Autry, Esq.
Lavery Faherty
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA          17108

*Attorney for Defendant*

Commonwealth Court of Pennsylvania
Pennsylvania Judicial Center
601 Commonwealth Avenue, Suite 2100
P.O. Box 69185 | Harrisburg, PA 17106-9185
ATTN: Michelle

7