IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard C. Hvizdak,                          :
                         Appellant            :
                                              :
      v.                                      :   No. 1014 C.D. 2022
                                              :
Anthony G. Mastrangelo, Former                :
Mayor, City of New Castle, PA, a              :
natural person, Police Chief Robert           :
A. Salem, and unknown number of               :
John and Jane Does of the City of             :
New Castle, Police Department,                :
natural persons & City of New                 :
Castle, PA, a Municipal corporation   :   Submitted: November 9, 2023

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  January 10, 2024

      Richard C. Hvizdak (Hvizdak) appeals from the August 16, 2022 order of the
Court of Common Pleas of Lawrence County (trial court), which denied Hvizdak's
request for pre-complaint discovery, granted Preliminary Objections (POs) filed by
the City of New Castle, Pennsylvania (City), Anthony G. Mastrangelo, the former
mayor of the City, Robert A. Salem, the Police Chief of the City Police Department,
and an unknown number of City police officer (Officers) (collectively, Appellees),
and dismissed Hvizdak's complaint, with prejudice.  The issues before this Court are
whether the trial court erred in concluding that Hvizdak, as beneficiary of a trust,
lacked standing to bring a claim on behalf of property owned by the trust and that
Appellees were immune from suit, whether the trial court erred in denying Hvizdak's

request for pre-complaint discovery, and whether the trial court should have granted Hvizdak leave to amend his complaint.[1]  After careful review, we affirm.

## I.  Background

Hvizdak is the manager of RCH Realty LP (RCH), which owns commercial property located at 304 East North Street, New Castle, Pennsylvania (Property). RCH is property of the 2007 Richard Hvizdak Irrevocable Trust (Trust), of which Hvizdak is the sole beneficiary.  On August 4, 2021, Hvizdak filed a Praecipe for Writ of Summons to be served on Appellees for "gross negligence."  Original Record (O.R.), Item No. 8.  Hvizdak filed a praecipe for reissuance of the Writ of Summons on September 3, 2021.  On December 8, 2021, Appellees filed a Praecipe for Rule to File Complaint, requesting entry of a rule against Hvizdak that would require him to file a complaint within 20 days.

By letter to Appellees' counsel dated December 12, 2021, Hvizdak requested pre-complaint discovery so that he might "ascertain the viability of a cause of action."[2]  O.R., Item No. 8 at 2.  Hvizdak asserted he had a claim against Appellees for "their gross negligence in permitting and condoning" damage to the Property. *Id.*  Therefore, Hvizdak sought copies of all police incident reports from 2010 to the present that concerned individuals "found, identified[,] and later released without charges" from the Property, as well as individuals charged for incidents connected to the Property, including trespass and criminal mischief.  O.R., Item No. 8 at 4a.

---

[1] We have reordered Hvizdak's arguments and consolidated them to the extent they overlap.

[2] Pa.R.Civ.P. 4003.8(a) provides that "[a] plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden[,] or expense to any person or party."

Hvizdak also requested fire incident reports involving the Property, complaints about the Property made to any municipal authority, "a copy of the Notice of Intent to Sue filed in connection with complaints to municipal authorities over . . . police indifference to . . . criminal activities," and the record of any action taken in response to the alleged Notice of Intent to Sue. *Id.*

Hvizdak filed his complaint on December 28, 2021, alleging that the Property, which became vacant in 2008, attracted the "homeless of society as well as the underworld, despite its close proximity to the [City Police Station.]" O.R., Item No. 7 ¶ 7. In 2018, thieves stole copper from the Property's plumbing and wiring and damaged the Property's lighting, water, and electrical systems. The Property has been further damaged by fire. Hvizdak also alleged that illegal activity on the Property was reported to the City Police Department, resulting in the removal of "five persons unknown," who were released without further investigation or prosecution. *Id.*, ¶ 10. Hvizdak asserted that the City Police Department declined to investigate and prosecute criminal activity occurring on the Property, which constituted "gross negligence" and "reckless indifference" by Appellees. *Id.*, ¶ 13. Hvizdak reiterated the need for pre-complaint discovery, which he required to determine the individuals responsible for the alleged "patterns of inaction and misconduct[.]" *Id.*, ¶ 14. As the necessary information was "exclusively in the hands of the tortfeasors and do-nothings[,]" Hvizdak sought a 120-day stay of proceedings until the requested discovery could be provided. *Id.*, ¶¶ 16-17, 19. Otherwise, Hvizdak alleged that Appellees conspired to deprive Hvizdak "of federally protected civil rights to acquire property," and to seek redress for Appellees' failure to train, supervise, and discipline City police officers. *Id.*, ¶ 21.

3

Appellees filed their POs on January 19, 2022, which asserted that Appellees were immune from suit under what is commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act),[3] that Hvizdak's complaint failed to present the elements of a negligence claim, that reckless indifference was not a recognized cause of action, and that Hvizdak's complaint was "so devoid of factual allegations" it failed to state a claim upon which relief could be granted. O.R., Item No. 9, ¶ 37. Appellees also asserted that Hvizdak lacked standing to pursue a claim on behalf of RCH, as owner of the Property. While Hvizdak alleged that the Trust assigned him the right to bring a cause of action on RCH's behalf, Hvizdak failed to attach documentation supporting such an assignment. In addition, Appellees asserted that the City Police Department was "merely an administrative arm of" the City and was, therefore, not amenable to suit. *Id.*, ¶ 49. Finally, Appellees noted that pre-complaint discovery required that Hvizdak demonstrate he had probable cause to believe pre-complaint discovery was necessary to form a legally sufficient complaint. Because "no competent cause of action could conceivably arise" from the facts alleged in Hvizdak's complaint, Appellees argued that he had not demonstrated probable cause to believe that the material sought in pre-complaint discovery would advance his claims. *Id.*, ¶ 54.

Following oral argument, the trial court entered an order on August 16, 2022, denying Hvizdak's request for pre-complaint discovery and granting Appellees' POs. In its opinion supporting the August 16, 2022 order, the trial court rejected Hvizdak's argument that he had standing to bring an action for damages to the Property on behalf of RCH. That duty belonged to the Trust, which Hvizdak could not represent, as he was not an attorney. While Hvizdak alleged that he assigned "to

---

[3] 42 Pa.C.S. §§ 8541-8564.

[himself]" the right to bring claims regarding the Property, Hvizdak failed to submit any documentation to substantiate the assignment. The trial court also questioned whether Hvizdak could make an assignment in his capacity as a beneficiary of the Trust. Finally, the trial court reasoned that an action regarding damage to the Property was personal to its owner, RCH, and could not be assigned to another.

Although the trial court determined that Hvizdak did not have standing to bring the instant action, it reviewed whether the complaint properly pled the elements of negligence. In that regard, the trial court noted that local agencies are generally immune from suit, unless the claim involves one of the exceptions to immunity set forth in Section 8542(b) of the Tort Claims Act, 42 Pa.C.S.§ 8542(b). While Section 8542(b)(3) of the Tort Claims Act carves out an exception to immunity for claims concerning the care, custody, or control of real property in the possession of a local agency, the claims alleged by Hvizdak, if true, did not originate on real property within the possession of Appellees. Thus, the trial court held that Appellees were immune to suit from any alleged damage to the Property. Given that Hvizdak did not have standing to bring a civil rights claim on behalf of RCH and Appellees were immune from suit under the Tort Claims Act, the trial court concluded that Hvizdak was not entitled to pre-complaint discovery, which is only appropriate where the requested material would advance a claim upon which relief could be granted. Accordingly, the trial court dismissed Hvizdak's complaint, with prejudice. This appeal followed.[4]

---

[4] "Our scope of review of a trial court order granting preliminary objections is limited to determining whether the trial court committed legal error or abused its discretion." *Bell v. Twp. of Spring Brook*, 30 A.3d 554, 557 n.7 (Pa. Cmwlth. 2011).

5

## II. Issues

On appeal, Hvizdak argues that the trial court erred in concluding that Hvizdak lacked standing to bring a claim on behalf of RCH and that Appellees were immune from suit, that the trial court erred in denying Hvizdak's request for pre-complaint discovery, and that the trial court erred in dismissing the complaint without granting Hvizdak leave to amend.

## III.  Discussion

Although Hvizdak's appellate brief primarily addresses the trial court's denial of pre-complaint discovery, we must first address whether Hvizdak had standing to bring negligence and civil rights claims for damage to the Property on behalf of RCH.  Prior to judicial resolution of a claim, the plaintiff must, as a threshold matter, show that he has standing to bring the action. *Scarnati v. Dep't of Env't Prot.*, 220 A.3d 723, 728 (Pa. Cmwlth. 2019).

Hvizdak's standing argument consists of a single sentence.  He asserts therein that whether a claim for damages to the Property was assigned "would have been covered by an amended complaint that would have included [Hvizdak's] assignment[.]"  Hvizdak's Br. at 30.  Because the trial court dismissed Hvizdak's complaint with prejudice, Hvizdak argues that he was unable to present the necessary documentation.

Pa.R.A.P. 2119(a) provides that an appellate brief shall include "discussion and citation of authorities as are deemed pertinent" to the issue raised.  Hvizdak's argument for standing falls woefully short of these requirements.  In concluding that Hvizdak lacked standing to pursue the instant claim, the trial court noted that Hvizdak was not a trustee of the Trust.  Moreover, the trial court reasoned that

6

damages to the Property were personal to RCH, the entity that owns the Property. As such, the trial court held that the claim was not assignable. Hvizdak has not countered these conclusions with any argument. Instead, he indicates that he would have submitted evidence to support the assignment of a claim to Hvizdak. This Court has repeatedly held that an issue is waived where an appellate brief fails to discuss a claim with citation to relevant legal authority or fails to develop the issue in any other meaningful fashion capable of review. *Com. v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). As Hvizdak has failed to address standing to any reasonable degree, this issue is waived.

Even if Hvizdak had developed his standing argument, he would not be entitled to relief. Civil rights claims under 42 U.S.C. § 1983 are "best characterized as personal injury actions[.]" *Owens v. Okure*, 488 U.S. 235, 240 (1989) (internal citations omitted). Pennsylvania law does not permit the assignment of a personal injury cause of action. *Hedlund Mfg. Co., Inc. v. Weiser, Stapler & Spivak*, 539 A.2d 357, 358 (Pa. 1988). *See also Sensenig v. Pa. R.R. Co.*, 78 A. 91 (Pa. 1910) (right of action that is strictly personal is not assignable). The language of Section 1983 supports the trial court's holding that Hvizdak's civil rights claim was not assignable, as Section 1983 provides that any person acting under color of law who deprives a United States citizen "of any rights, privileges, or immunities secured by the Constitution and laws, **shall be liable to the party injured** . . . ." 42 U.S.C § 1983 (emphasis added). Instantly, the allegedly injured party is the Property, which is owned by RCH, not Hvizdak.

Leave to amend a complaint is within the sound discretion of the trial court. *Simmons v. Twp. of Moon*, 601 A.2d 425, 432 (Pa. Cmwlth. 1991). A trial court should liberally grant leave to amend a complaint to permit the full development of

7

a party's legal theories and averments; however, leave to amend may be denied where it appears that amendment is futile. *Weaver v. Franklin Cnty.*, 918 A.2d 194, 203 (Pa. Cmwlth. 2007). Hvizdak acknowledges that Appellees are immune from suit under the Tort Claims Act with respect to his negligence claim. As discussed above, a Section 1983 claim brought on behalf of the Property is personal to the Property and cannot be assigned to Hvizdak. Therefore, even if Hvizdak could provide documentation to substantiate an assignment of the Property's Section 1983 claim, the assignment would have no effect.

Hvizdak likewise gives short shrift to issues regarding Appellees' immunity from suit and whether the trial court should have granted Hvizdak leave to amend the complaint. Indeed, Hvizdak concedes that Appellees are afforded immunity under the Tort Claims Act. Regarding his civil rights claim, Hvizdak simply states that immunity does not apply "to suits under the Civil Rights Act [of 1964.]"[5] Hvizdak's Br. at 29. Hvizdak also argues that Appellees' immunity defense should have been raised in new matter and not in their POs to the complaint. Because Hvizdak has not developed these arguments in any meaningful way, they are also waived.

Given that Hvizdak waived the issue of standing, we need not address whether the trial court erred in denying his request for pre-complaint discovery. Even without waiver, we are not persuaded by Hvizdak's arguments. Alternatively, the

---

[5] To maintain a cause of action under 42 U.S.C. § 1983, a plaintiff is only required to establish that some person has deprived him of a cognizable federal right and that the person deprived the plaintiff of a federal right while acting under color of state law. *Urbanic v. Rosenfeld*, 616 A.2d 46, 479-80 (Pa. Cmwlth. 1992). While Hvizdak's complaint arguably alleges the deprivation of "federally protected civil rights to acquire property . . . and . . . to redress grievances[,]" he has not alleged that any person or persons did so while acting under color of law. O.R., Item No. 7, ¶ 21. Hvizdak has only asserted such a claim in his appellate brief.

Court could simply state that the issue is moot, as Hvizdak already filed his complaint. Discovery matters, including pre-complaint discovery requests, are within the discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of discretion. *Tullytown Borough v. Armstrong*, 129 A.3d 619, 622 (Pa. Cmwlth. 2015) (internal citations omitted). The trial court denied Hvizdak's pre-complaint discovery request because Hvizdak lacked standing to bring a civil rights claim on behalf of RCH and because Appellees were immune from suit under the Tort Claims Act. As a result, no claim existed that could be advanced by pre-complaint discovery. During oral argument the trial court questioned the propriety of "asking for pre-complaint discovery" after filing a complaint.[6] Reproduced Record at 78a.

In his appeal to this Court, Hvizdak has essentially argued that, without pre-complaint discovery, he is unable to muster the facts necessary to support his claims, such as the identity of Officers who allegedly failed to investigate and prosecute crimes that occurred on the Property. Although Hvizdak acknowledges that Pennsylvania is a fact-pleading jurisdiction, he admits having filed a "bare-bones" complaint because only pre-complaint discovery would enable him to marshal the facts necessary to identify a viable cause of action. Hvizdak maintains that his pre-complaint discovery request, which sought police records spanning more than a decade, required "only a brief perfunctory effort[.]" Hvizdak's Br. at 17.

It is important to note that Hvizdak filed his Praecipe for Writ of Summons on August 4, 2021. Approximately four months later, after Appellees filed their Praecipe for Rule to File Complaint on December 8, 2021, Hvizdak requested pre-

---

[6] Although the issue is not before this Court, we also question whether a request for pre-complaint discovery may be filed contemporaneously with a complaint.

9

complaint discovery in a letter directed to Appellees' counsel. Thereafter, on December 28, 2021, Hvizdak filed his formal request for pre-complaint discovery simultaneously with the filing of his complaint. Hvizdak's need to file a "bare bones" complaint was the result of his own failure to request pre-complaint discovery in a timely manner. In other words, Hvizdak's legally insufficient complaint was the predictable result of his failure to act until Appellees forced his hand. While the trial court denied Hvizdak's request for pre-complaint discovery on other grounds, we are unable to conclude that the denial itself was an abuse of discretion.[7]

Accordingly, for the reasons set forth above, we affirm the trial court.

_____
ELLEN CEISLER, Judge

---

[7] An appellate court may affirm on other grounds where other grounds exist. *Martel v. Allegheny Cnty.*, 216 A.3d 1165, 1168 n.11 (Pa. Cmwlth. 2019).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard C. Hvizdak,             :
              Appellant         :
                                   :
       v.                    :    No. 1014 C.D. 2022
                                   :
Anthony G. Mastrangelo, Former   :
Mayor, City of New Castle, PA, a    :
natural person, Police Chief Robert   :
A. Salem, and unknown number of    :
John and Jane Does of the City of    :
New Castle, Police Department,     :
natural persons & City of New      :
Castle, PA, a Municipal corporation   :

# **O R D E R**

AND NOW, this 10th day of January, 2024, the August 16, 2022 order of the Court of Common Pleas of Lawrence County is hereby AFFIRMED.

                            _____

                            ELLEN CEISLER, Judge