# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Calvin Wilson,                    :
               Appellant    :
                                :
         v.                           :
                                :
Commonwealth of Pennsylvania,          :
Department of Transportation,          :   No. 284 C.D. 2023
Bureau of Driver Licensing            :   Submitted: April 8, 2025

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                 FILED: May 9, 2025

       John Calvin Wilson (Licensee) appeals from the February 23, 2023 order of the Court of Common Pleas of Monroe County (Trial Court) that dismissed Licensee's statutory appeal from a 18-month driver's license suspension imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to what is commonly known as the Vehicle Code's Implied Consent Law, 75 Pa.C.S. § 1547(b) (Implied Consent Law), as a result of Licensee's refusal to submit to chemical testing upon his arrest for driving under the influence of alcohol or a controlled substance (DUI).[1]  Upon review, we affirm.

---

[1] 75 Pa.C.S. § 3802.

## I. Background and Procedural Posture

Pennsylvania State Police arrested Licensee for suspicion of DUI[2] on January 31, 2021, after being dispatched to a single-vehicle motor vehicle crash involving Licensee. Thereafter, on March 5, 2021, DOT notified Licensee that, as a result of his refusal to submit to chemical testing, his driving privilege would be suspended for a period of 18 months. *See* License Suspension Notification mailed March 5, 2021, Original Record (O.R.) Item 2, Exhibit A. On March 30, 2021, Licensee appealed the suspension. *See* Appeal from the Suspension of Operating Privileges (Suspension Appeal), O.R. Item No. 2. The Trial Court conducted a hearing on the Suspension Appeal on September 16, 2021, and February 16, 2023.[3] *See* Notes of Testimony, September 16, 2021 (N.T. 9/16/2021) & Notes of Testimony, February 16, 2023 (2/16/2023). Thereafter, the Trial Court dismissed the Suspension Appeal by order dated February 23, 2023 (Trial Court Order).[4] *See*

---

[2] Licensee was also charged with careless driving in violation of 75 Pa.C.S. § 3714.

[3] The hearing was originally scheduled for June 17, 2021, but was rescheduled on Licensee's request. Counsel for Licensee filed a motion for continuance at 10:30 a.m. on the morning of September 16, 2021. *See* Notes of Testimony, September 16, 2021 (N.T. 9/16/2021) at 3. The Trial Court contacted Licensee's counsel, who agreed to conduct the hearing telephonically for the purpose of taking DOT's evidence. *See* N.T. 9/16/2021 at 6-10. The Trial Court conducted the hearing and continued the matter to January 20, 2022, to allow Licensee to present his evidence. *See* N.T. 9/16/2021 at 29. The Trial Court thereafter granted five additional Licensee requests for continuance before dismissing the Suspension Appeal on February 16, 2023, when Licensee failed to appear for the scheduled hearing continuation. *See* Trial Court Statement Pursuant to Pa.R.A.P. 1925(a) (Trial Court Opinion) at 1-2.

[4] The Trial Court ordered the dismissal of the Suspension Appeal in open court on February 16, 2023, followed by a written order memorializing the dismissal on February 23, 2023. *See* Notes of Testimony, February 16, 2023 (N.T. 2/16/2023) at 5; *see also* Trial Court Order.

Trial Court Order, O.R. Item No. 29. Licensee timely appealed the Trial Court's dismissal of the Suspension Appeal to this Court.[5]

## II. Issues

To the extent they can be ascertained, Licensee purports to raise three issues before this Court:[6] first, that DOT failed to meet its burden of proof to support the suspension of Licensee's operating privilege in accordance with the Implied Consent Law; second, that the Trial Court erred by conducting the September 16, 2021 portion of the Suspension Appeal hearing telephonically; and third, that the Trial Court erred by conducting the February 16, 2023 portion of the Suspension Appeal hearing in Licensee's absence.[7] Licensee is not entitled to relief.

---

[5] Licensee filed his Notice of Appeal *pro se*, stating as his reason for the appeal: "[Licensee's] suspension is improper under the circumstances present. There exists a question of law and questions of fact on the issue of whether his license is properly suspended in light of the rulings or disposition of the [Suspension] Appeal mentioned here." Notice of Appeal of License Suspension, filed March 17, 2023 (Notice of Appeal), O.R. Item No. 33. Licensee included multiple documents as Exhibits to the Notice of Appeal, including the previously filed Suspension Appeal.

[6] Our review in a license suspension case is limited to determining "whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or an abuse of discretion." *Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017).

[7] We acknowledge DOT's argument that Licensee has waived his issues for failure to properly develop them in his brief as required by Pennsylvania Rule of Appellate Procedure 2119 (pertaining to requirements of appellate briefs). We agree in part. Licensee's brief contains approximately 25 references to separate legal concepts, apparently in an attempt to raise issues before this Court. *See* Licensee's Br. at 1-8 (pagination supplied). These references, for the most part, lack any statutory or case law support or cogent development tying those references to claims related to the instant license suspension litigation. *See generally* Licensee's Br. The role of this Court is not to act as counsel for parties. *See Commonwealth v. Le*, 208 A.3d 960 n.17 (Pa. 2019) ("It is not [an appellate] Court's function to act as an advocate for the parties."); *see also Commonwealth v. Spotz*, 18 A.3d 244, 262 n.9 (Pa. 2011) (noting that appellate courts need not address an issue where it is impossible to discern exactly what error a party alleges). Accordingly,

## III. Discussion

### A. *Licensee's Challenge on the Merits*

Initially, we note:

> To sustain a license suspension under [the Implied Consent Law], DOT has the burden of establishing that (1) the licensee was arrested for drunken driving by a police officer having reasonable grounds to believe that the licensee was driving while under the influence, (2) the licensee was requested to submit to a chemical test, (3) the licensee refused to do so and (4) the licensee was warned that refusal would result in a license suspension. Once DOT meets this burden, the burden shifts to the licensee to establish that he or she either was not capable of making a knowing and conscious refusal or was physically unable to take the test.

*Giannopoulos v. Dep't of Transp., Bureau of Driver Licensing*, 82 A.3d 1092, 1094 (Pa. Cmwlth. 2013) (quoting *Wright v. Dep't of Transp., Bureau of Driver Licensing,* 788 A.2d 443, 445 (Pa. Cmwlth. 2001)). In cases involving an 18-month license suspension, DOT must also establish that one of the enhancing provisions set forth in Section 1547(b)(1)(ii)[8] is applicable. *See Sitoski v. Dep't of Transp., Bureau of Driver Licensing*, 11 A.3d 12, 22 (Pa. Cmwlth. 2010).

---

we decline to speculate as to the substance of any of Licensee's specific issues or arguments purportedly raised and will not attempt to further decipher the same beyond those discussed herein. To the extent Licensee's brief contains further arguments beyond those identified by the Court herein, they are indecipherable to the point of precluding meaningful review and are accordingly waived. *See Berner v. Montour Twp.*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); *see also* Pa.R.A.P. 2119(a).

[8] Section 1547(b)(1)(ii) provides that a licensee's driving privilege will be suspended for refusing to submit to chemical testing for a period of 18 months where any of the following apply:

DOT presented the testimony on Pennsylvania State Trooper Thomas Butch in the instant matter. *See* N.T. 9/16/2021 at 11-26. Trooper Butch explained that he was dispatched to a one-vehicle motor vehicle accident on the morning of January 31, 2021, and that, upon arrival, he observed Licensee's vehicle partially disabled in the right lane of travel and Licensee seated in the passenger's seat with his feet on the road and the passenger's side door open. *See* N.T. 9/16/2021 at 11-12. Licensee admitted to Trooper Butch that he had been driving the vehicle at the time of the accident. *See* N.T. 9/16/2021 at 12. Regarding his physical appearance, Licensee did not appear to Trooper Butch to have any physical injuries from the accident.[9] *See* N.T. 9/16/2021 at 24. Trooper Butch observed Licensee's eyes to be droopy and bloodshot with bags underneath. *See* N.T. 9/16/2021 at 12. Trooper Butch smelled the odor of alcohol coming from Licensee's person. *See* N.T. 9/16/2021 at 20. Licensee also appeared unsteady on his feet. *See* N.T. 9/16/2021

---

        (A) The person's operating privileges have previously been suspended under this subsection.

        (B) The person has, prior to the refusal under this paragraph, been sentenced for:

            (I) an offense under section 3802 [relating to DUI]:

            (II) an offense under former section 3731 [relating to DUI]:

            (III) an offense equivalent to an offense under subclause (I) or (II) [relating to prior suspensions]; or

            (IV) a combination of the offenses set forth in this clause.

75 Pa.C.S. § 1547(b)(1)(ii).

[9] Trooper Butch further testified that Licensee did not mention any pre-existing injury or physical condition during their encounter. *See* N.T. 9/16/2021 at 24.

at 12. Trooper Butch administered field sobriety testing, the results of which led Trooper Butch to conclude that Licensee was under the influence of alcohol.[10] *See* N.T. 9/16/2021 at 13-16 & 21-23. After administering a preliminary breath test to Licensee that indicated a blood alcohol level of 0.168, Trooper Butch placed Licensee under arrest for suspicion of DUI. *See* N.T. 9/16/2021 at 16-17 & 25.

Trooper Butch testified that, following the arrest, he transferred Licensee to the Monroe County Correctional Facility, where he read the DOT DL-26B Form[11] to Licensee in its entirety and requested that Licensee submit to a blood

---

[10] Trooper Butch administered the Horizontal Gaze Nystagmus (HGN) Test, the Walk-And-Turn Test, and the One-Leg Stand Test. *See* N.T. 9/16/2021 at 13-16 & 21-23. Of the HGN Test, Trooper Butch explained: "I observed that [Licensee] had involuntary jerking of his eyes, also known as the nystagmus, and all the clues that I've seen through my training. And that test is 88% accurate." N.T. 9/16/2021 at 14. Regarding the Walk-And-Turn Test, Trooper Butch testified as to Licensee's performance: "Very poor. He missed numerous heel-to-toe steps. He actually fell off the line off to the right. And he didn't even attempt any of the 9 heel-to-toe steps back. He just nonchalantly walked backwards." N.T. 9/16/2021 at 15. Of Licensee's performance in the One-Leg-Stand Test, Trooper Butch explained that Licensee kept switching legs, left to right, contrary to the instructions given, despite Licensee having stated that he understood the instructions. *See* N.T. 9/16/2021 at 15-16.

[11] The DL-26B Form, entitled "Chemical Test Warnings and Report of Refusal to Submit to a Blood Test as Authorized by Section 1547 of the Vehicle Code in Violation of Section 3802," contains the following warnings:

> It is my duty as a police officer to inform you of the following:
>
> 1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.
>
> 2. I am requesting that you submit to a chemical test of blood.
>
> 3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, your operating privilege will be suspended for up to 18 months. If your operating privilege is suspended for refusing

draw. *See* N.T. 9/16/2021 at 17-18. Trooper Butch explained that, after being read the DL-26B warnings, Licensee refused to submit to the requested blood draw by verbally responding "No." *See* N.T. 9/16/2021 at 18 & 24-25.

DOT also entered into evidence Licensee's certified driving record and reports of prior convictions, which illustrated that Licensee had previous DUI arrests/convictions prior to January 31, 2021. *See* N.T. 9/16/2021 at 26-27 & Exhibits 4-6. Licensee put forth no evidence at the September 16, 2021 hearing. *See* N.T. 9/16/2021.

Licensee did not appear for the continuation of the hearing on February 16, 2023. *See* N.T. 2/16/2023 at 1-4. Accordingly, based on the evidence previously presented, the Trial Court concluded that DOT had presented sufficient evidence to meet its burden of proof and dismissed the Suspension Appeal. *See* N.T. 2/16/2023 at 5; *see also* Trial Court Order.

We find no error in the Trial Court's findings and determinations. Trooper Butch observed Licensee at the scene of a one-vehicle accident where Licensee admitted to Trooper Butch that he had driven the vehicle involved. Trooper Butch smelled alcohol on Licensee's person and observed that Licensee had bloodshot and droopy eyes and was unsteady on his feet. Licensee failed the field

---

chemical testing, you will have to pay a restoration fee of up to $2,000 in order to have your operating privilege restored.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

DL-26B Form, N.T. 9/16/2021, Commonwealth's Exhibit 2. Officer Butch signed the DL-26B Form indicating that he had read the above warnings to Licensee and that Licensee had refused to sign the form. *See* N.T. 9/16/2021, Commonwealth's Exhibit 2; *see also* N.T. 9/16/2021 at 25.

sobriety tests administered by Trooper Butch and also registered a 0.168 on the preliminary breath test, which exceeds the legal limit. Trooper Butch explained that he arrested Licensee for DUI based on these observations, which had provided reasonable grounds to believe that Licensee had been driving while under the influence of alcohol. Further, Trooper Butch testified that he requested that Licensee submit to chemical testing pursuant to the Implied Consent Law, read all the DL-26B Form warnings to Licensee, and that Licensee refused to submit to the requested testing by verbally responding "No" when asked. Licensee put forth no evidence to establish that he did not refuse, was not capable of making a knowing and conscious refusal, or was physically unable to take the test. Accordingly, DOT met each element of its burden of proving its case, and the Trial Court appropriately denied Licensee's statutory appeal.

## B. Licensee's Procedural Challenge

To the extent Licensee argues that the Trial Court erred by conducting the September 16, 2021 portion of the Suspension Appeal hearing telephonically and the February 16, 2023 portion of the Suspension Appeal hearing in his absence, he is not entitled to relief.

We observe that "[t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015) (quoting *Commonwealth v. Reid,* 99 A.3d 470, 493 (Pa. 2014)). An abuse of discretion is not merely an error in judgment; rather, it occurs "where in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice,

bias or ill-will." *Tullytown Borough v. Armstrong*, 129 A.3d 619, 622 (Pa. Cmwlth. 2015) (citation omitted).

Regarding the September 16, 2021 hearing, which had been repeatedly continued and rescheduled, Licensee's counsel agreed to conduct the hearing telephonically. Counsel was able to cross-examine DOT's witness, and the matter was continued so that Licensee would be able to put forth a defense at a reconvened hearing in the future. We find no abuse of discretion in the Trial Court's decision to proceed with DOT's evidence telephonically with the agreement of counsel on September 16, 2021. Licensee's counsel was able to cross-examine DOT's witness and challenge the documentary evidence entered into the record. Further, Licensee retained the ability to put forth evidence on his own behalf at a future continued hearing. Nothing in the Trial Court's determination to proceed telephonically on September 16, 2021, indicates an error judgment, partiality, prejudice, or any kind of bias or ill-will.

Likewise, we find no error in the Trial Court conducting the February 16, 2023 portion of the Suspension Appeal hearing in Licensee's absence. Licensee failed to appear for the scheduled hearing on February 16, 2023, claiming through his counsel that he was ill. Licensee provided no evidence beyond his own self-serving, second-hand statement to support his suggestion of alleged illness, and filed no request for a continuance of the hearing. Considering the number of previously granted requests in this matter,[12] the Trial Court did not abuse its discretion by

---

[12] The Trial Court explained the belabored scheduling of the hearings in this matter as follows:

> On March 30, 2021, [Licensee] filed an Appeal from the Suspension
> of Operating Privileges. A hearing was scheduled for June 17, 2021.
> [Licensee] requested that hearing be continued, which [request] was

9

conducting the February 16, 2023 portion of the Suspension Appeal hearing in Licensee's absence, especially considering Licensee was represented at the hearing by counsel.

## IV. Conclusion

For the above reasons, we find no error in the Trial Court's dismissal of Licensee's statutory appeal challenging his driver's license suspension. Accordingly, we affirm.

 

_____
CHRISTINE FIZZANO CANNON, Judge

---

granted by the [Trial] Court.  A hearing was scheduled and held on September 16, 2021, at which time [DOT] presented it[s] evidence[,] however [Licensee] requested to continue the hearing to present evidence in his defense.  The [Trial] Court granted the continuance request and continued the hearing to April 21, 2022.  [Licensee's] counsel requested a continuance of the April hearing which the [Trial] Court granted and scheduled for June 16, 2022.[1] On June 15, 2022, [Licensee] requested [that] the hearing scheduled for the next day be continued.  The [Trial] Court granted his request.

> [1] Counsel for [Licensee] at that same time requested to withdraw as counsel.  The [Trial] Court granted counsel's request to withdraw and re-scheduled the hearing for June 16, 2022.

The June 2022 hearing was continued to October 20, 2022[,] and again [Licensee] requested a continuance prior to that hearing.  The hearing was rescheduled to February 16, 2023, at which time [Licensee] failed to appear or file a request to continue.

Trial Court Opinion at 1-2.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Calvin Wilson,                    :
                Appellant       :
                            :
         v.                     :
                            :
Commonwealth of Pennsylvania,          :
Department of Transportation,          :    No. 284 C.D. 2023
Bureau of Driver Licensing             :

# **O R D E R**

AND NOW, this 9th day of May, 2025, the February 23, 2023 order of the Court of Common Pleas of Monroe County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge